## ROBERT SINCLAIR v. JOHN F. FITZPATRICK.[1]

November 13, 1914.

Nos. 18,898—(135).

**Work and labor — findings.**

The necessary conclusion from the findings is that the wife was held out by her husband as his agent in ordering a small change in their homestead to recover the cost of which the action was brought. [Reporter.]

Action in the municipal court of St. Paul to recover $46.01. The action was tried before Hanft, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant John F. Fitzpatrick appealed. Affirmed.

*R. G. O'Malley* and *John F. Fitzpatrick*, for appellant.

*John S. Crooks*, for respondent.

[1] Reported in 149 N. W. 1070.

PER CURIAM.

This action was brought against the huband and wife to recover the reasonable value for changing, at their request, a woodshed into a garage. Judgment was rendered against both. The husband alone appeals therefrom, upon the sole ground that there is no finding that he requested the work to be done. The findings are not to be commended. But since there was no application either for a new trial or for an amendment of the findings to more definitely state whether or not appellant requested plaintiff to render the services, we should construe the findings so as to sustain the judgment, if possible. The findings relative to appellant's responsibility are: That he with his wife and family lived upon the premises where respondent did the work; that he had previously made smaller repairs thereon upon the wife's order which appellant paid for; that the alteration in question was made upon the wife's request; that appellant was about the premises part of the time every day while the work was being done; and that the premises thus improved constituted the homestead of the defendants. The fair and necessary conclusion from these findings is that the wife was held out by appellant as his agent in ordering this trifling change in the homestead of which he was at least a part owner. Adams v. Eidam, 42 Minn. 53, 43 N. W. 690; Clark v. Thorpe Bros. 117 Minn. 202, 135 N. W. 387.

Judgment affirmed.