JULIA L. BUTTERFIELD, Executrix, etc., Appellant, *v.* JAMES A. COWING et al., Respondents.

A *cestui que trust* may not allege an act upon the part of his trustee to be a breach of trust which has been done under his sanction, either by previous consent or subsequent ratification.

In an action by the holder of certain bonds issued by a railroad company against the trustee named in a mortgage of the road and franchises securing the bonds, and against another company holding title to the mortgaged property, among other things, to have the property charged with the lien of the mortgage, and to recover the amount of the bonds; which action was based upon allegations of breach of trust on the part of the trustee in transferring title to the mortgaged property, which he had acquired by purchase under a foreclosure sale, it appeared that plaintiff had acquiesced in and ratified the acts of the trustee complained of. *Held,* that plaintiff was not entitled to have judgment for a proportionate share of the money received by the trustee upon such transfer; that having failed to sustain the cause of action stated in the complaint, it was properly dismissed.

(Argued January 14, 1889; decided March 5, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 15, 1886, which affirmed a judgment in favor of defendant, the New York Elevated Railroad Company, entered upon a decision of the court on trial without a jury.

The case is reported upon a former appeal, *sub nomine James* v. *Cowing* (82 N. Y. 449.)

This action was brought originally by Frederick P. James, the present plaintiff's intestate to obtain an adjudication that the franchises and property of the West Side Elevated (Patented) Railway Company (of New York city), heretofore acquired by the defendant The New York Elevated Railway Company, are held in trust by the defendants for the benefit of plaintiff's testator, and subject to the lien of forty-five bonds of plaintiff's testator, of the alleged value of $22,500, and to the lien of a certain mortgage made by said West Side Elevated (Patented) Railway Company to secure an issue of bonds of which said forty-five bonds were a part. The complaint also asks for a judgment against defendants for the value of the forty-five bonds, and that the said franchises and property be sold to pay said bonds.

This relief is claimed upon the ground that the defendant James A. Cowing, who was the substituted trustee in the mortgage executed by the West Side Elevated (Patented) Railway Company, to secure the payment of said issue of bonds, foreclosed said mortgage, and, after purchasing the said franchises and property at the foreclosure sale, fraudulently, and without consent of plaintiff's testator, and in violation of the terms of the mortgage, transferred the same to the defendant The New York Elevated Railway Company, which company accepted the transfer with full knowledge of such fraud. The court found, among other things, the following facts:

The defendant Cowing, as trustee under the mortgage, brought an action to foreclose the same, and a decree of foreclosure directing a sale was entered in 1871. The plaintiff's testator, James, secured an order directing the referee to adjourn such sale. Subsequently said Cowing obtained, on consent of said James, an order vacating such stay and directing that said Cowing, " on the sale of the mortgaged premises herein, bid for the said premises, as trustee, for the benefit of all the holders of the bonds secured by the mort-

gage sought to be foreclosed in this action up to the sum of $450,000." Upon such sale the mortgaged property was purchased by Cowing, the trustee, for $750,000, and the referee executed and delivered to him a deed conveying the property to Cowing, as trustee, for the benefit of all the holders of the bonds secured by the mortgage. The mortgage provided "that in case of any judicial foreclosure sale   *   *   *   based upon the foreclosure of this mortgage, and a majority of the then outstanding bonds secured by this mortgage, shall in writing request the said trustees   *   *   *   they are   *   *   * authorized to purchase the premises, embraced herein, for the use and benefit of the holders of the then outstanding bonds secured by this mortgage.

" And that, having so purchased said premises, the right and title thereto shall vest in said trustee or trustees, and no bondholder shall have any claim to the premises or to the proceeds thereof, except his *pro rata* share of the proceeds of said purchased premises, as represented in a new company or corporation to be formed for the use and benefit of the holders of the bonds secured hereby. And that said trustees   *   *   * or their successors   *   *   *   may take such lawful measures as he or they deem for the interest of said bondholders, to organize a new company or corporation for the benefit of the holders of the bonds secured by this mortgage ; said new company or corporation shall be organized upon such terms, conditions and limitations and in such manner as the holders of a majority of said outstanding bonds secured by this mortgage shall, in writing, request or direct ; and to thereupon reconvey the premises so purchased by him or them to said new company or corporation."

An organization not in accordance with the provisions of the mortgage was arranged, and while in process of formation James, Cowing and others, in settling a certain pending litigation, signed a stipulation, whereby James agreed to carry his bonds into " the new organization." This new organization was the New York Elevated Railway Company, defendant.

Further facts are stated in the opinion.

*John D. Kernan* and *Abram Wakeman* for appellant. Cowing's sale to the New York Elevated Railroad Company was a violation of the trust. (*James* v. *Cowing*, 82 N. Y. 452, 455.) Defendant Cowing, as trustee under the first mortgage for the bondholders, could not be released from his duties as prescribed by the mortgage " by a parol or written, unsealed executory agreement." (*Allen* v. *Jaquish*, 21 Wend. 628 ; *Coe* v. *Hobby*, 72 N. Y. 141 ; *Rogers* v. *Kelly*, 88 id. 234.) A trustee is but an agent and cannot thus proceed, in defiance of his *cestui que trust* and of his directions, to transfer the trust property ; neither can the trustee defend his transfer under any right of action which may be vested in others against the *cestui que trust* to compel such transfer under the contract. (Story on Agency, § 462 ; *Kelly* v *Roberts*, 40 N. Y. 439.) Estoppel cannot be based upon refusal to carry out an agreement, or upon open and notorious repudiation, either of a position at some time assented to, or of a promise made. (*Sharpley* v. *Abbott*, 42 N. Y. 443 ; *White* v. *Ashton*, 51 id. 280 ; *Hutchins* v. *Hebbard*, 34 id. 21.) Cowing ought to have applied to the court for instructions when the refusal of James to come in and consent to his conveyance to the defendant corporation made his duty, at least, a matter of doubt. (*Cowing* v. *James*, 82 N. Y. 454, 455.) As this is an action for equitable relief, we are entitled to such relief as the " nature of the case and the facts, as they exist at the close of the litigation, demand." (*Peck* v. *Goodberlett*, 109 N. Y. 180, 189.) Questions not raised at the trial court, which might have been obviated by the action of the court then, or by that of the other party, will not be heard on appeal as ground of error. (*Cohn* v. *Goldman*, 76 N. Y. 287.)

*Julien T. Davies* for respondents. The cause of action, if any, set forth in the complaint is for fraud and not upon contract. The plaintiff, having failed to establish the fraud alleged, cannot obtain relief on the theory that a liability founded on contract was established by the evidence. (*Salter*

v. *Ham*, 31 N. Y. 321; *Bradley* v. *Aldrich*, 40 id. 504; *Graham* v. *Reed*, 57 id. 681; *Arnold* v. *Angell*, 62 id. 508; *De Graw* v. *Elmore*, 50 id. 1; *Ross* v. *Mather*, 51 id. 108; *Barnes* v. *Quigley*, 59 id. 265; *People* v. *Dennison*, 84 id. 279; *Walter* v. *Bennett*, 16 id. 250; *Neudecker* v. *Kohlberg*, 81 id. 296; *Beach* v. *Cager*, 3 Hun, 610; *Button* v. *S. S. T. B. L.*, 40 id. 422; *Patterson* v. *Patterson*, 1 Abb. Pr. [N. S.] 262; *Belknap* v. *Sealey*, 14 N. Y. 143; *McMichael* v. *Kilmer*, 76 id. 36; *Dudley* v. *Scranton*, 57 id. 424; *Matthews* v. *Cady*, 61 id. 651; Code Civ. Pro. § 1207.) The Court of Appeals will not amend the complaint herein so as to allow the relief now desired. (*Volkening* v. *De Graaf*, 81 N. Y. 268; 1 Rumsey's Practice, 289; *Reeder* v. *Sayre*, 70 N. Y. 181.

DANFORTH, J. The action proceeded upon the theory that the defendant Cowing, ·as trustee under a mortgage executed by the "West Side Elevated Patent Railway Company," had violated the provisions of the mortgage to the prejudice of the plaintiff, and that the other defendant, "The New York Elevated Railroad Company," had with notice of that violation obtained an advantage. Upon the first trial judgment was rendered for the plaintiff against Cowing, but in favor of the railroad company. The plaintiff and the defendant Cowing each appealed to the General Term, where the judgment as to Cowing was affirmed, and reversed as to the railroad company, and as to the latter a new trial was granted. The facts presented to the Special Term, and the proceedings of that court, and also of the General Term, are reported (17 Hun 256). Cowing appealed to this court and the conclusion reached by us (82 N. Y. 449), is an answer to every question raised by the action, except one, and that was pointed out in the opinion, which assigned reasons for our judgment and in which all the judges of the court agreed.

The present appellant was afterwards substituted as plaintiff, and the case comes before us free from the difficulty suggested by our decision, viz., whether the plaintiff, before the

trustee made the sale and conveyed the mortgaged property
to the defendant, " The New York Elevated Railroad Com-
pany," which acts constituted the alleged breach of trust, con-
sented to carry his bonds into that company.  A refusal by
the trial court to find, as requested by the defendant, that the
inchoate organization to which the plaintiff did, in fact, con-
sent, was an organization afterwards perfected under that name,
constituted the error which we thought required a new trial.
(82 N. Y. *supra*, 456, 457.)  It now appears by the record
that the question was fully considered by the trial judge and
expressly answered in the affirmative.   The consent of the
plaintiff was expressed in a stipulation, signed by himself and
. Cowing, by which his opposition to the conduct of Cowing,
as trustee, was withdrawn and permission given to the plaint-
iff " to unite with other bondholders in the new organization,"
and he agreed "so to do as to all bonds which he absolutely
owns."   The finding of the court is, "that the new organiza-
tion," mentioned in this stipulation, "was the company or
organization provided for in a certain agreement of July
seventh, and ' that the New York Elevated Railroad Company,
the defendant in this action,' was that organization."   We
have only to give proper effect to that finding.
    The strength of the plaintiff's case is in the doctrine which
governs the relation of trustee and *cestui que trust*.   Assum-
ing, as, in view of our former decision, we must, that there
would have been responsibility on the part of the trustee in
omitting to follow the terms of the mortgage by which he
undertook to be bound, and that his dealing with the other
defendant was a violation of those terms, it was possible for the
plaintiff to absolve both the trustee and the other defendant
from liability, either by acquiescing in the consummation of
that transaction, or by a positive adoption of it.   Here, there
was both.   At first, objecting, and, in the most formal man-
ner, expressing that objection by suit against the trustee and
others, and, among them, the new organization, and actually
staying the consummation of their scheme, he acquiesces by
withdrawing his action, and then adopts the conduct of the

trustee by agreeing to join, and, in fact, by that consent, becoming a party to the new organization. It is quite clear that no *cestui que trust* can allege that to be a breach of trust which has been done under his own sanction, whether by previous consent or subsequent ratification. The general rule is that, either concurrence in the act, or acquiescence without original concurrence, will release the trustees. And there are no circumstances to make the plaintiff's case an exception.

Whatever the trustee did which might otherwise have been found the subject of just complaint, was done by the assent and sanction of the plaintiff. If there is a breach of trust, the plaintiff is bound by his concurrence in it as to any fund to which he might otherwise be entitled. An examination of the evidence in view of the appellant's objections to its sufficiency, leads us to the conclusion that it warrants the findings of the trial judge. The defense justified by it is affirmatively set up in the answer and is fully sustained.

A point is made by the appellant that the plaintiff is entitled to have judgment in this action for a proportionate share of the money received by Cowing from the other defendant upon the transaction. It does not appear that so much has at any time been denied to him. His action is upon a theory which, whether well founded or not, is an emphatic disclaimer that he wanted it, or would have it, much less sought for it. Indeed, receiving it would have been another act of ratification utterly inconsistent with the proceeding instituted for the sole purpose of undoing the business out of which that money came. Nor do we find anything in the judgment which justifies the contention of the plaintiff that there is conceded to be due him in this action any sum of money, nor any concession that for that sum he "is entitled to recover herein." The judgment is perhaps unnecessarily prolix and the recitals somewhat extended. It simply states as if for the information of the plaintiff, the sum of his share "by reason of any of the matters and things involved in the action." It awards no judgment on that account, but refers to it as on deposit with the company according to the terms of the mortgage in which

the plaintiff as a bondholder had an interest. If the final judgment is not warranted by the findings the remedy was by a motion to correct it.

The plaintiff failed to make out the cause of action alleged in his complaint, and the issues were properly disposed of. If there were other matters which might have been presented under different pleadings, they are not disclosed in evidence, nor was the attention of the trial judge directed to them.

We think the appeal fails and the judgment of the court below should be affirmed.

All concur.

Judgment affirmed.