litigate the validity of the mortgage. The motion is granted, with $10 costs; the order to provide for the return to the purchaser of the amount paid by him, with interest, and the expenses incurred by him on the examination of the title; such costs, interest, and expenses to be paid by the plaintiff.

Motion granted, with $10 costs.

---

(13 App. Div. 617.)

## CRATE v. LUIPPOLD et al.

(Supreme Court, Appellate Division, Fourth Department. February 9, 1897.)

MORTGAGES—EXECUTION BY TRUSTEE—INDIVIDUAL LIABILITY.

     A trustee is not personally liable on a bond and mortgage in which he is described as trustee, but which he signed individually while he acknowledged them as trustee, where he executed them in conjunction with, and under the direction of, the cestui que trust for whose benefit they were made, and the transaction was induced by the mortgagee, who knew the relation of the parties and dealt with them accordingly.

Appeal from judgment on report of referee.

Action by Ella F. Crate against Christian C. Luippold, individually and as trustee, and others, to foreclose a purchase-money mortgage. There was a judgment in favor of plaintiff, and defendant Luippold appeals. Modified.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Niles C. Bartholomew, for appellant.

Leroy Andrus, for respondent.

WARD, J. The parties to this action reside in Buffalo. On the 24th of February, 1890, the defendant Martin Benzinger and his wife executed and delivered to the defendant Christian C. Luippold, as the trustee of the said Martin, a deed of all the land in Buffalo which Martin had inherited from his mother, then deceased. The trust expressed in the deed was to the effect that the trustee should have power to sell, mortgage, or lease the real estate, and the proceeds arising therefrom should be applied to the payment of taxes upon the property, the debts of the estate of Martin's mother, Anna M. Benzinger, premiums of insurance, and expenses of repairs and improvements on the property, and for the support and maintenance of Martin. Although not clearly disclosed in the case, it seems that the appellant, as trustee, either from this farm or other property of the said Martin, on the 30th of June, 1890, had some money which he held as trustee of Martin, and at that date one Richard R. Ditzel made an arrangement with Martin whereby he sold to Martin some real estate located on Seneca street, in Buffalo, for the agreed price of $1,200, $600 of which was to be paid down out of that money, and a bond and mortgage executed upon the premises sold (by Ditzel) by Martin and his wife, and by the trustee for the remaining $600. The appellant was consulted, and consented to the arrangement, and thereupon Ditzel caused the premises to be conveyed pursuant to

agreement, and the bond and mortgage in suit was executed and delivered to Ditzel. The bond was dated on June 30, 1890, and provides:

"Know all men by these presents, that we, Christian C. Luippold, as trustee for Martin Benzinger, and the said Martin Benzinger, * * * are held and firmly bound unto Richard R. Ditzel * * * in the sum of twelve hundred dollars, to be paid to the said Richard R. Ditzel, or to his attorney, executor, administrator, or assigns, for which payment, well and truly to be made, we bind ourselves, our successors, our executors or administrators, jointly and severally, firmly by these presents. Sealed with our seals, and dated the 30th day of June, 1890.

"The condition of this obligation is such that if the above-bounden Christian C. Luippold, as trustee, etc., and Martin Benzinger, or either of their successors, * * * shall well and truly pay or cause to be paid unto the above-mentioned Richard Ditzel his * * * assigns, * * * six hundred dollars in two years from the date hereof, with interest at the rate of six per cent., payable semiannually, then this obligation to be void; otherwise to remain in full force and virtue."

This instrument was signed "Christian C. Luippold. [L. S.], Martin Benzinger. [L. S.]," and acknowledged by them respectively, the appellant acknowledging that he executed as trustee for Benzinger. At the same time a mortgage was executed, containing the same recitals as to the appellant being trustee, and signed by the appellant with his name and seal and the words "Trustee, etc.," thereunder, and the appellant acknowledged the mortgage as trustee for Benzinger. This fact was stated in both acknowledgments. The bond and mortgage, through assignments, were transferred from Ditzel to the plaintiff. In her complaint the plaintiff alleged that the appellant executed the said bond and mortgage as trustee for the said Martin Benzinger, and that as trustee he had failed to comply with the conditions of the bond and mortgage, and demanded judgment against the appellant individually and as trustee, and also against Benzinger, for any deficiency that might remain upon the foreclosure and sale. The referee found that the appellant, in effect, executed the bond and mortgage as trustee of Benzinger. No serious question seems to have been made upon the trial or upon this appeal as to the fact that the appellant executed and entered into this bond and mortgage as trustee simply, but the referee found as a conclusion of law "that the acts of Christian C. Luippold in the execution of the said bond and mortgage were not within the trust powers conferred upon him by the said trust deed, but were the individual acts of the said Christian C. Luippold." And he further found that the appellant was liable for any deficiency that might arise upon a sale of the mortgaged premises, and judgment was entered accordingly.

The question upon this appeal is whether this feature of the judgment can be sustained. We can discover no reason for charging the appellant individually with this deficiency. Whatever was done by him in the matter was with the consent and co-operation of Martin Benzinger, the cestui que trust. He executed the bond and mortgage in conjunction with the appellant, and directed the payment by him of the $600 upon the execution of the deed for the Seneca street property, and the bond and mortgage were given for

the balance of the purchase money. Benzinger had the benefit of the whole transaction. Assuming that the $600 paid came from the sale of or a mortgage upon the land covered by the deed of trust (of which there does not seem to be any evidence) it was the property of Benzinger, and he could make any disposition of it that he wished, subject to the approval of the appellant, and was not confined to the purposes specified in the deed of trust. Benzinger was the only party that could insist upon that disposition of the proceeds. He could waive this, or direct any other disposition of said proceeds at any time. Butterfield v. Cowing, 112 N. Y. 486, 20 N. Y. Supp. 369. The case does not disclose what connection, if any, the mortgage upon the Seneca street property had with the property described in the deed of trust; but this, perhaps, is immaterial. The mortgagee, Mr. Ditzel, was a party to the transaction. He had the benefit of it. He seems to have brought it about, and he cannot be permitted to say that he should hold the appellant personally for the deficiency when he contracted with the appellant only as trustee, understanding all the circumstances of the case; nor can the plaintiff (his assignee), who succeeded only to the rights of Ditzel, assert anything more. Indeed, the bond and mortgage upon their face notified the plaintiff that the appellant had contracted and obligated himself simply as trustee. The bond executed by the appellant defines the extent of the plaintiff's rights and the measure of his responsibility. The plaintiff had no concern with the rights or equities of the appellant and Benzinger in the matters between themselves. They are not in this case.

The referee erred in directing the judgment appealed from, but a new trial is not necessary. The judgment can be modified so as to strike therefrom that portion which charges the appellant individually with the deficiency, and simply charging him as trustee of the defendant Martin Benzinger. The judgment should be thus modified, but without costs of this appeal. All concur.