## In re MAITLAND.

(Supreme Court, Appellate Division, First Department. March 20, 1903.)

1. TRUSTEE—IMPROPER INVESTMENT—CONVEYANCE TO HIMSELF.

A trustee's account being surcharged with the amount of his investment in a mortgage, as being an improper investment, he should, on making the trust fund good, be permitted to transfer to himself personally all rights and rights of action in respect thereto.

Appeal from Surrogate's Court, New York County.

In the matter of the settlement of the account of Thomas A. Maitland, trustee of Sarah Parish Dillon, deceased. From a decree surcharging his account on final settlement, he appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

J. Edward Ackley, for appellant trustee.

Charles M. Hough, for respondent O'Brien.

Albert Stickney, for other respondents.

McLAUGHLIN, J. The opinion of the referee to whom the matter was referred by the surrogate to take and state the accounts of the trustee is quite satisfactory, and we should be content to affirm the decree appealed from upon his opinion, were it not for the fact that possibly some question might hereafter arise—and might possibly affect the title to real estate—as to his right to the mortgage which he took as trustee, including the judgment in the foreclosure action, and the title to the real estate covered by the mortgage and acquired on the sale in the foreclosure proceedings, and also the recovery, if one be had, in the action which he has commenced to set aside the transfer from Pettit to his wife.

The trustee, of course, upon the payment of the amount decreed to be paid, with interest thereon, is legally and equitably entitled to take and hold the investment as his own, which includes the title to the real estate bid in by him as such trustee at the mortgage foreclosure, and the right to the deficiency judgment, and whatever right there may be hereafter acquired in the action brought to set aside the transfers above referred to. In other words, when he makes good the trust fund which he has been directed by the decree to do, on the ground that it was an investment which he ought not to have made, he personally takes the place of himself as trustee.

The decree, therefore, should be modified to the extent of permitting the appellant to transfer the title to the real estate which he now holds as trustee to himself personally; also to assign to himself personally the cause of action in the proceedings instituted to set aside the transfers from Pettit to his wife, as well as the judgment for deficiency in the action to foreclose the mortgage; and, as thus modified, the decree appealed from should be affirmed, with costs to the respondents, to be paid by the appellant personally. All concur.