Kirk, 137 N. Y. 510, 33 N. E. 552; Kent v. Church of St. Michael, 136 N. Y. 10, 32 N. E. 704, 18 L. R. A. 331, 32 Am. St. Rep. 693; Smith v. Secor, 157 N. Y. 402, 52 N. E. 179. It follows, therefore, that the. defendant, upon fulfillment of his contract of purchase, will receive a perfect title.

Judgment should therefore pass in favor of the plaintiffs for the specific performance of the contract, with costs. All concur.

---

(94 App. Div. 449.)

### In re RYER.

(Supreme Court, Appellate Division, First Department.  May 13, 1904.)

1. EXECUTORS—POWERS—TRUSTS.
    Where a testatrix bequeathed all of her personal estate to testamentary trustees to hold, invest, and reinvest the principal, and to receive, hold, and disburse the income for the purposes mentioned in the will, and no special power or authority was given to the executor, the title to the property bequeathed to the trustees, it not being necessary to pay debts, vested in them immediately on testatrix's death, the executor being authorized only to possess himself of such property and deliver it to the trustees.

2. SAME—CONVERSION.
    Where testatrix bequeathed to testamentary trustees personal estate, consisting of bonds and mortgages, which was not necessary to pay debts, the act of the executor in collecting such securities and reinvesting the funds constituted a conversion, and rendered him liable to account for the value of the original assets to the trustees in cash.

3. SAME—DECREE.
    Where an executor wrongfully collected bonds and mortgages bequeathed to testamentary trustees, but in good faith reinvested the proceeds in other securities in the name of the testatrix, on his being required to account to the trustees for the value of the original securities in cash, the decree should contain a provision requiring the trustees to vest title to the new securities in the executor.

Appeal from Surrogate's Court, New York County.

Judicial accounting by John B. Ryer, as executor of the estate of Ellen A. Wilkinson, deceased. From a surrogate's decree confirming the report of a referee, the executor appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN. O'BRIEN, and INGRAHAM, JJ.

Wm. G. Mulligan, for appellant.
Emanuel Arnstein, for respondent beneficiary.
Jas. M. Fisk, for respondent trustees.

HATCH, J. This proceeding was instituted upon the petition of the executor of the deceased testatrix for a voluntary accounting, filed October 16, 1902. The testatrix died in March, 1901, and her will, relating both to real and personal property, was duly probated in the Surrogate's Court of New York county, and letters testamentary thereupon issued to John B. Ryer, as executor named in the will. By the terms of her will the testatrix bequeathed substantially all of her personal estate to her testamentary trustees named in the will, in trust to hold, invest, and reinvest the principal, and to receive, hold, and disburse the income there-

from for the purposes mentioned in the will. The personal property not bequeathed to the trustees consisted of household goods, jewelry, silverware, horses, vehicles and property of a similar nature. No special power or authority was given to the executor by any of the provisions of the will. At the time of the testatrix's death she was the owner and holder of 28 bonds and mortgages upon real estate, amounting in the aggregate to $39,350. These bonds and mortgages came to the hands of the executor, who within a year after his appointment had called in and collected the principal of 23 of the mortgages, receiving as the proceeds thereof $30,500. This left five of the original bonds and mortgages uncollected. It was not necessary, in the due course of administration of the estate, to call in and collect these bonds and mortgages, and the proceeds were not needed to pay debts or expenses. Of the funds thus received the executor invested $29,000 in new bonds and mortgages, which are now in his possession and under his control. None of the original 28 bonds and mortgages were delivered to the testamentary trustees, and they never had possession or control of the same. In July, 1901, the trustees applied to the Surrogate's Court for an order directing the executor to turn over all of the original mortgages to them. This application was denied. The executor, in rendering his account, asked that the trustees take the new bonds and mortgages, in which he had reinvested the funds produced by the original mortgages, in lieu and in satisfaction of the discharge of his duties as executor, and that he be credited therefor for their face value. The trustees refused to take and receive these bonds and mortgages, and filed objections to the executor's account. The matter was then sent to a referee, who made his report sustaining the objections to the account, and holding that the executor had no right to collect the mortgages and reinvest the proceeds in new bonds and mortgages or otherwise. The referee further held that the trustees could not be required to receive the new mortgages as an equivalent for the same amount in cash, which, it was claimed, they represented. The executor filed exceptions to the report of the referee, and upon motion to confirm such report the surrogate overruled the exceptions and confirmed the same.

The referee was clearly right in holding that by the terms of the will title to the property bequeathed to the testamentary trustees became immediately vested in them upon the death of the testatrix, and that the only duty which devolved upon the executor was to possess himself of such property and hand it over to the trustees. As the will conferred no power upon the executor to collect the mortgages and reinvest the proceeds, he acquired no right so to do by virtue of his office, and in law the act of reinvesting was a conversion of the proceeds. It appeared, however, that the executor was not actuated by any wrongful purpose in doing what he did, but acted upon the assumption that he had right so to do. We should not find it necessary to do otherwise than confirm the decree which has been rendered were it not for the fact that the executor, by its terms, has been placed in a somewhat embarrassing position with respect to the new mortgages. They have all been taken in the name of the testatrix, and, consequently, upon their face appear to be the property of the estate. The executor has been required to pay in cash the amount represented by these mortgages,

but there is no provision in the decree requiring the testamentary trustees to vest title in him in the securities. As the executor is required to pay cash to the estate, he becomes the equitable owner of the bonds and mortgages in which he has invested the proceeds of the estate, and it may very well be that, unless he can make use of these bonds and mortgages, he will be without funds to comply with the decree, and therefore, being unable to make compliance, may be punished for contempt. He cannot transfer the bonds and mortgages, because he cannot give good title thereto to a purchaser. In speaking of a similar situation, Judge Gray said:

"It is easily imagined how it might happen that an administrator, if possessed of no individual resources, would be rendered incapable of making payment under such a decree. He might have acted in good faith, but mistakenly as to the law of his duties; and, if called upon to replace the moneys represented by investments disallowed as improper, finds himself without the possession of securities, but yet required in some way to make the payment. There is something in this which shocks the legal as well as the moral sense." Matter of Niles, 113 N. Y. 547, 21 N. E. 687.

The executor should be vested by the trustees with title to these mortgages, in order, if necessary, that he may make use of them to raise the cash, and thus comply with the decree. This court has recently held that under such circumstances the decree should contain such a provision. Matter of Maitland, 81 App. Div. 633, 81 N. Y. Supp. 19. In all other respects we think the report of the referee and the decree rendered upon its confirmation by the surrogate is correct, and should be affirmed.

It follows that the decree should be modified as indicated in this opinion, and, as modified, affirmed, with costs of this appeal to all parties payable out of the estate. All concur.