but the later revision, namely, that effected by the Greater New York Charter of 1901 (Laws 1901, c. 466), did.

At the present time, with some minor exceptions not necessary to be considered, abandonment proceedings are governed by the provisions of the Greater New York Charter of 1901 and by the provisions of the Code of Criminal Procedure mentioned in section 689 of that charter.

The appeal in the Benson Case was governed by the provisions of the consolidation act, as revised by the charter of 1897. This was so because the judgment there appealed from was rendered before the charter revision of 1901 came into effect. Now, under section 689 of the present charter, the giving of a bond does not defeat an appeal upon the merits, for the reason that section 861 of the Code of Criminal Procedure is not mentioned as among those now applicable to appeals in abandonment proceedings.

It follows that there is no legal bar to the consideration of the merits on this appeal; and, upon the merits, the judgment must be reversed.

Judgment reversed.

---

(68 Misc. Rep. 6.)

### In re BOYER et al.

#### (Surrogate's Court, Kings County.  May, 1910.)

1. TRUSTS (§ 327*)—ACCOUNTING AND DISCHARGE.

   The decree to be entered on the accounting of a deposed trustee must contain a summary of the account as settled under Code Civ. Proc. § 2551, and must sound in money only.

   [Ed. Note.—For other cases, see Trusts, Dec. Dig. § 327.*]

2. TRUSTS (§ 331*)—ACCOUNTING—REMOVAL OF TRUSTEE.

   Where, on accounting of a removed trustee, he has investments of the fund which his successor will not accept, the removed trustee is equitably entitled to the personal ownership of the rejected securities.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 494; Dec. Dig. § 331.*]

In the matter of the judicial settlement of the account of Charles H. Boyer and Frank W. Boyer, trustees.  Decree rendered.

See, also, 54 Misc. Rep. 182, 105 N. Y. Supp. 857.

Sparks & Fuller, for trustees.
Blandy, Mooney & Shipman, for contestant.
Charles C. Protheroe, for Russell W. Boyer, remainderman.

KETCHAM, S.  The decree to be entered upon the accounting of a deposed trustee must sound in money only. It must contain "a summary of the account as settled." Code Civ. Proc. § 2551. Unless by special convention, the direction must be that the fund be turned over to the successor in money and not in kind. No substituted trustee can be asked to take as cash securities which he neither selected nor approved. If the accounting trustee has investments of the fund which ·

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his successor will not accept, he is equitably entitled to the personal ownership of the rejected securities.

While a keen regard for the safety of the trust would suggest that in some cases bad securities might be better than nothing, and that they might well be held by the substituted trustee until the decree for payment was fulfilled, there seems to be no warrant for such an arrangement. It is held that the removed trustee is entitled to a clear title to the doubtful assets, either before or at the time of the decree requiring payment from him of the fund in cash. In this regard it is said:

"He should have them [all the assets for which he is refused credit] if for no other reason, in order to fulfill the requirements of the decree." Matter of Niles, 113 N. Y. 547, 554, 21 N. E. 687, 688.

And again:

"As the executor is required to pay cash to the estate, he becomes the equitable owner of the bonds and mortgages in which he has invested the proceeds of the estate, and it may very well be that unless he can make use of these bonds and mortgages he will be without funds to comply with the decree, and therefore, being unable to make compliance, may be punished for contempt." Matter of Ryer, 94 App. Div. 449, 451, 88 N. Y. Supp. 52, 54.

One of the remaindermen asks that the decree in addition to directing the transfer in cash of the fund shall require the immediate deposit of the securities in court under section 2603 of the Code; but the provision cited has no relation to the removal of a testamentary trustee, and, if it were applicable, it should yield to the rule quoted supra, since it is within the discretion of the court.

A practical difficulty is that only one of the removed trustees accounts. The other is not within the state, and it is asserted that there would be danger to the accounting trustee if these securities should be made subject to the control of his associate or liable to his debts. All the assets in question, however, are now in the hands of the accountant and a transfer will be made to him alone.

The decree must therefore provide for the payment to the successor trustee, to be appointed, of $57,799.32, and must direct that the substituted trustee execute to him such instruments as may be necessary to transfer to him title to all of the investments presented by the account.

Decreed accordingly.