(90 Misc. Rep. 138.)

### FURNISS et al. v. ZIMMERMAN et al.

### SAME v. CRUIKSHANK et al.

(Supreme Court, Special Term, New York County. April, 1915.)

1. TRUSTS ⬤⟿189, 192, 195, 273½, 282—TESTAMENTARY TRUST—ACCOUNTING—UNAUTHORIZED INVESTMENT—REASONABLE TIME TO SELL.

From the report of a referee appointed to take and state the account of a testamentary trust made for the benefit of testator's two daughters, it appeared that the corpus of the last surviving share would revert to testator's heirs and next of kin, that contestants were the only heirs and next of kin who had not assented to certain illegal investments made by the trustees, that at most the contingent interest of contestants in the corpus could be no more than two-sixths of the last falling in share of the last surviving daughter, that their share of the illegal investments should be sold within a reasonable time, and that heavy loss would likely result from a forced sale during the abnormal market conditions resulting from the European war and the depressed business conditions. *Held*, that at least a year should be allowed after the conclusion of the treaty of European peace as a reasonable time within which to sell the two-sixths of the unauthorized investments in the last surviving daughter's share of the corpus, that contestants' contingent interest in the trust fund should have priority over the assenting parties' share, that no sale of the assenting parties' two-thirds of the securities could be ordered without their consent, that the accounting parties could sell contestants' possible contingent two-sixths of the last surviving daughter's share of the corpus to make payment of any losses out of the proceeds of the sale, and that no distribution of the corpus could be made until the death of the life beneficiary of the income of each respective share thereof.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 240, 241, 244, 245, 250, 387, 388, 402; Dec. Dig. ⬤⟿189, 192, 195, 273½, 282.]

2. TRUSTS ⬤⟿218—TRUSTEES—LOSSES THROUGH UNAUTHORIZED INVESTMENTS.

Trustees are chargeable with losses sustained by nonassenting cestuis que trustent through unauthorized investments, though the investments were made in good faith.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 310–313; Dec. Dig. ⬤⟿218.]

3. TRUSTS ⬤⟿218—UNAUTHORIZED INVESTMENTS—LIFE BENEFICIARIES—ESTOPPEL.

Life beneficiaries who have consented to unauthorized investments, as well as their successors in interest, are estopped from questioning the propriety of such investments.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 310–313; Dec. Dig. ⬤⟿218.]

4. TRUSTS ⬤⟿274—UNAUTHORIZED INVESTMENT—ASSENTING LIFE TENANTS—RETENTION OF INCOME AND PRINCIPAL.

Courts may authorize trustees to retain the share of the income of life tenants assenting to unauthorized investments, and apply same to payment of losses resulting from such investments, and, if such benefi-

ciaries become entitled to share in the principal, the retention of their share of same until termination of the contingency should be authorized.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 389–392, 493; Dec. Dig. ☞274.]

5. TRUSTS ☞327—UNAUTHORIZED INVESTMENTS—DECREE CHARGING TRUSTEE—TRANSFER OF SECURITIES.

Where a trustee has invested the trust estate in unauthorized securities, a decree charging him with the amount so invested should transfer the securities to him, to enable him to make payment out of the proceeds.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 487; Dec. Dig. ☞327.]

Actions by William P. Furniss and others against Margaret E. Zimmerman and others and against Warren Cruikshank, as substituted trustee, and others. On cross-motion for final judgment. Ordered that decree be submitted in accordance with opinion.

Davies, Auerbach & Cornell, of New York City, for plaintiffs.

Lord, Day & Lord, of New York City, for defendants Zimmerman and Furniss.

Harris & Towne, of New York City, for defendant Cruikshank.

GUY, J. [1] Cross-motions for final judgment upon the report of a referee appointed to take and state an account and report with opinion. These were two motions by contingent remaindermen for a judicial settlement of the accounts of two trusts under the will of William P. Furniss, deceased, for the benefit of his two daughters, Miss Clementina Furniss and Mrs. Margaret E. Zimmerman. Decedent died in 1871, and there has been no judicial settlement of the accounts of either trust since December, 1874. Decedent left six children, three sons and three daughters, of whom his daughters Miss Furniss and Mrs. Zimmerman alone survive. He gave each daughter the income of one-sixth of his residuary trust estate for life; upon her death the corpus to go to such of her issue, brothers, and sisters as she might appoint, and, failing any appointment, to her surviving sisters, in equal shares. The corpus of the share of the last surviving daughter, who died childless, would revert to decedent's heirs at law and next of kin, among whom the plaintiffs and contestant defendants would then each become entitled to a one-sixth share. Each of the decedent's daughters is over 65 years of age. Miss Furniss is a spinster; Mrs. Zimmerman a childless widow.

The decedent's three daughters, one of whom died in 1912, knowing that they were entitled to the whole income of their three-sixths of decedent's residuary trust estate, and believing themselves to be also entitled to the entire reversion of the corpus of said three-sixths by way of contingent remainders to the survivors or surviving sister, dealt with the estate by mutual consent for 38 years without consultation with or accounting or report to the heirs, devisees, or next of kin of decedent's three deceased sons. By mutual consent they made a number of investments in securities which, though not speculative investments, were not and are not legal trust investments. Some small losses were sustained on the sale of such unauthorized investments

as have been sold, and heavy losses might be sustained if the remaining unauthorized investments were to be sold at forced sale during the present depression caused by the European war. The plaintiffs and the contestant defendants, who are the heirs or representatives of devisees of two deceased sons of decedent (the representatives of one deceased son having also assented to the investments made), claim a contingent reversion in two-sixths of the remainder of the corpus of the last surviving daughter's share in the event of the last surviving daughter dying childless. The referee reported that the accounting executors should be surcharged with the cost of the unauthorized investments, viz., $655,259.21, but that, as all three of decedent's daughters, as well as the representatives of one deceased son, had approved the unauthorized investments, as against them the accounting parties are entitled to be relieved of at least two-thirds of any loss on the last dying daughter's share; that the whole of the unauthorized investments should be sold within a reasonable time, and, when sold, the objecting parties' shares of the trust fund to have a priority over the share of the assenting parties.

Considering that at the most the contestants' contingent interest in the corpus can be no more than two-sixths of the last falling in share of the last surviving daughter, and not overlooking the heavy loss to all parties likely to result from a forced sale of the securities during the abnormal market conditions resulting from the European war and the present depressed business conditions, I think that at least a year should be allowed after the conclusion of a treaty of European peace as a reasonable time within which to sell the two-sixths of the unauthorized investments in the last surviving daughter's share of the corpus. In order to avoid unnecessary loss, such sale of said two-sixths of said securities will be ordered, the objecting parties' contingent share of the trust fund to have a priority of payment over the assenting parties' share. No sale of the assenting parties' two-thirds of said securities can be ordered or decreed without their consent. Moreover, the accounting parties are entitled to sell the contestants' possible contingent two-sixths of the last surviving daughter's share of the corpus in order to enable them to make payment of any losses out of the proceeds of the sale. No distribution of any of the principal of the corpus can be made until the death of the life beneficiary of the income of each respective share thereof.

[2-4] Trustees are chargeable with losses that may be sustained by nonassenting cestuis que trustent through unauthorized investments, although such investments were, as in the case at bar, made in good faith. Matter of Hall, 164 N. Y. 196, 198–200, 58 N. E. 11. Life beneficiaries who have consented to unauthorized investments, as well as their successors in interest, are estopped from questioning their propriety. Courts may authorize trustees to retain such assenting life tenants' share of the income and apply it to the payment of the losses resulting from the unauthorized investment. If assenting life beneficiaries may become entitled to share in the principal, the retention of their share of the principal of the investment until the determination of the contingency should be authorized. Matter of Hall, 164 N. Y.

196, 201, 58 N. E. 11; Woodbridge v. Bockes, 59 App. Div. 503, 515–521, 69 N. Y. Supp. 417, affirmed 170 N. Y. 596, 600–603, 63 N. E. 362; Butterfield v. Cowing, 112 N. Y. 486, 492, 20 N. E. 369.

. [5] Where a trustee has invested the trust estate in unauthorized securities a decree charging him with the amount so invested should transfer such securities to him, to enable him to make payment out of their proceeds, as otherwise he might be rendered incapable of complying with the decree. Matter of Niles, 113 N. Y. 553, 554, 21 N. E. 687. So, also, where a trustee invested estate in mortgages or real estate without any authority in the will, a decree charging him with the cash amount of such investment should vest title to it in him individually, so that he may, if necessary, make use of the mortgages in order to comply with the decree. Matter of Ryer, 94 App. Div. 449, 451, 452, 88 N. Y. Supp. 52, affirmed 180 N. Y. 532, 72 N. E. 1150; Matter of Maitland, 81 App. Div. 633, 81 N. Y. Supp. 19, affirmed 178 N. Y. 612, 70 N. E. 1102.

The reference herein was a reference to take and state an account and report thereon, not, as has been erroneously assumed, a reference to hear and determine all the issues. Power to direct judgment was not conferred upon the referee, but remained still to be exercised by the court upon the filing of the report of the referee. So far as the report states the account, it will, with the modifications and corrections above indicated, be adopted by the court. Full commissions will be allowed to the trustees.

Submit decree in accordance herewith.