In the Matter of the Estate of FREDERIC H. ROBINSON, Deceased.

Surrogate's Court, New York County, June 1, 1935.

*Campbell & McCool* [*William P. McCool* of counsel], for the objectant.

*Levy, Murphy & Stolz* [*Charles H. Friedrich* of counsel], for the accountant.

FOLEY, S. These are two motions, (1) to confirm the report of the referee appointed in this accounting proceeding, and (2) to permit the trustee named in the will of the testator to file her oath and bond as trustee *nunc pro tunc.*

(1) The testator died on March 17, 1923. By his will he bequeathed to his mother, Marie Halper Robinson, in trust for his wife, " certain first mortgages on certain real property in the Greater City of New York, which are guaranteed as to principal and interest by the Title Guarantee & Trust Company or its associated company, the Bond & Mortgage Guarantee Co., or by both, amounting in the aggregate to the sum of $30,250," during her lifetime or until she remarried, and authorized her " as the said mortgages severally mature or as such mortgage indebtedness is paid or collected, to renew or extend the same for further periods from time to time as she sees fit, and invest and reinvest the principal in other first mortgages on real property and guaranteed by said companies or either of them as to principal and interest." Upon the death of his wife or her remarriage he gave the remainder of the trust to his mother absolutely. He owned at the time of his death eight guaranteed mortgages and mortgage certificates of the type described in his will. He also bequeathed to his mother his residuary estate and appointed her executrix under his will.

Letters testamentary were issued to the executrix on April 4, 1923. She paid the debts, administration expenses and certain other specific legacies under the will, and transferred the guaranteed mortgages and guaranteed mortgage certificates, bequeathed in trust for the testator's wife, to herself as executrix. She did not qualify as trustee, however, and filed no bond either as executrix or trustee, but administered the trust in accordance with the provisions of the will without transferring the securities to herself as trustee.

Five of the guaranteed mortgages and certificates were thereafter paid and the executrix reinvested the proceeds in other first mortgage certificates guaranteed by the Bond and Mortgage Guarantee Company. As to the three remaining mortgages, one was reduced to the sum of $3,000, and all were extended by extension agreements made with new owners. Seven of the mortgages are on real property in the city of New York. One, a reinvestment for $4,000, is on real property in Great Neck, Nassau county, N. Y.

For a period of over eleven years the life tenant regularly received the interest payments due upon the securities. The interest checks sent to the life tenant were signed by Marie Halper Robinson, as executrix. The referee found that the life tenant never made any inquiry as to the manner in which the principal of the trust was invested or whether or not the executrix had qualified as trustee or filed a bond. She never sought any information of the executrix as to the condition of the estate until April of the year 1934, when the full interest due at that time was not forthcoming. Shortly thereafter the executrix filed her account as executrix, to which the life tenant filed objections. Prior to the accounting the life tenant at no time questioned the acts of the executrix.

The principal objection made by the life tenant was that the executrix had no authority to hold or manage any property or to invest any moneys of the estate for the benefit of the life tenant, because of her failure to qualify and file a bond as trustee, and that by reason thereof she should be surcharged in cash the amount represented by the mortgages. The referee sustained this objection, citing as authority upon which he relied, *Matter of Ryer* (94 App. Div. 449; affd., 180 N. Y. 532), and accordingly surcharged her with the principal amount of the trust fund, viz., $30,250 in cash.

With this conclusion of the learned referee I cannot agree. In my opinion, *Matter of Ryer* has no application whatever to the situation here. There the executor and the trustees named in the will were different individuals. Here the executrix and the person designated as trustee in the will are one and the same person. From the date of the testator's death the executrix maintained the securities as a separate fund and performed her duties in respect of the fund in exactly the same manner as she would have done had she qualified as trustee. With the exception of the investment in the mortgage certificate of $4,000 on real property in Great Neck, Nassau county, N. Y., it is undisputed that the executrix acted within the powers granted under the will.

Under the circumstances, I hold that her failure to qualify as trustee and to furnish a bond is insufficient to justify a surcharge

against her. It has been shown that no greater loss would have occurred to the estate had she properly qualified as trustee. (*Matter of McDowell*, 178 App. Div. 243.)

*Matter of McDowell* (*supra*) is directly in point. The executors there were the same persons to whom the residuary estate was bequeathed in trust. The executors opened an account in the name of the estate and signed checks as executors. After qualifying, they immediately began to make payments of income to the life beneficiaries and continued such payments from time to time as income was collected. They paid the debts, funeral expenses and legacies. They sold most of the securities owned by the testator and reinvested the proceeds as permanent investments for the purpose of carrying out the trust provisions of the will. They treated their duties as executors and trustees as co-existent and made no discrimination in their bookkeeping between assets, receipts and payments by them as executors or trustee. Upon an accounting by them both as executors and trustees, the beneficiaries objected, asserting that the account was erroneous in uniting the account of the executors and trustees, as the executors had never completed their executorial duties nor been discharged. They claimed that the executors had no right or authority to assume the duties or invest and disburse the funds as trustees, and that the accounts filed should relate to the accounts of the executors only. In overruling the objections of the beneficiaries and remitting the matter to the surrogate " to determine the controversy without technicalities of form or procedure," the Appellate Division said: " Here the same persons are trustees and executors, and when they do an act which they have not the right to do as executors, but which they may do as trustees, it will be presumed that they have acted in the latter capacity  *  *  *. It seems clear in this case that the accounting parties have the right to defend the investments made by them by invoking the discretion which the will places with the trustees. It is unnecessary to determine the effect which such discretion may have. If the investments made by the executors can be sustained in whole or in part by the discretion given to them as trustees, it would be unjust to deny them that defense." The court further tersely observed: " It is a sacrifice of substance to form to hold that the accounting was solely as executors and that the investments were made as executors and not as trustees."

Nor can I agree with the referee that the investment of $4,000 in the guaranteed first mortgage certificate on property located in Great Neck, Long Island, was unauthorized because the mortgage was not on property located within the city of New York. The testator did not specifically or exclusively limit reinvestments of

principal in mortgages on property situated within the city of New York. The investments permitted under the will were "in other first mortgages." It cannot be inferred from the use of these words that he intended investments in first mortgages on property located solely in New York city. They are rather susceptible of the inference that a broader field of investments was authorized, provided that the mortgages were guaranteed by the Title Guarantee and Trust Company or the Bond and Mortgage Guarantee Company.

The report of the referee, therefore, surcharging the executrix with the sum of $30,250 in cash is overruled and the report modified accordingly.

I hold further that there is no reason for the disallowance of commissions to the executrix. It has been established that the failure to qualify and file a bond was a mere oversight. It was within the power of the adult beneficiary to initiate a proceeding to compel the trustee to properly qualify and file a bond. While the practice of failing to file a bond should not be encouraged, nevertheless, where no loss has resulted to the estate, the oversight may not be used as a technical ground of surcharge or disallowance of commissions. The omission to comply with a technical requirement has been regarded as a defect rather than as a fundamental or jurisdictional act of omission. (*Mulligan* v. *Bond & Mortgage Guarantee Co.*, 193 App. Div. 741; *Matter of McDowell, supra.*)

(2) The motion to permit the executrix to qualify as trustee and to file her bond as such *nunc pro tunc* is granted.

Submit order on notice accordingly and decree on notice confirming the referee's report as modified and settling the account.