In the Matter of the Accounting of PATCHOGUE BANK, Formerly PATCHOGUE CITIZENS BANK & TRUST COMPANY, as Trustee under an Agreement of Trust Executed by EMMA J. HAMILL, as Grantor, Respondent. TRUSTEES OF THE METHODIST CHURCH OF PENATAQUIT, Appellants; WILLIAM H. ROBBINS, JR., et al., as Executors and Trustees under the Will of WILLIAM H. ROBBINS, Deceased, Respondents.— Proceeding by the Patchogue Bank for settlement of its account as trustee of an inter vivos trust under agreement made in May, 1936, of which the Methodist Church of Penataquit is a beneficiary. The trustees of the church interposed objections to the account and to the conduct of trustees, of which the Patchogue Bank was one and one William H. Robbins, deceased, the other, of a 1923 trust agreement. On appeal from order entered February

18, 1948, granting motion of respondents William H. Robbins, Jr., and South Side Bank of Bay Shore, N. Y., dismissing the objections of the appellants, order modified on the law by striking out the last ordering paragraph. As so modified, the order is affirmed, with $10 costs and disbursements to appellants, payable from the trust fund. On appeal from decree entered March 8, 1948, settling and approving the account of the Patchogue Bank, with incidental directions, decree reversed on the law, with costs to appellants, payable from the trust fund, and the matter remitted for hearing of objections interposed by appellants with respect to the conduct of the trustee as to the Knapp mortgage after its acquirement in 1936, and for the making of a new decree upon determination of such objections. The objections of appellants to the 1923 trust agreement, which was terminated in accordance with a waiver, release and receipt executed by the interested parties, including the Methodist Church of Penataquit, in May, 1936, are barred. (*Woodbridge* v. *Bockes*, 170 N. Y. 596, 601; *Butterfield* v. *Cowing*, 112 N. Y. 486, 492; *Spallholz* v. *Sheldon*, 216 N. Y. 205, 209; *Blair* v. *Cargill*, 111 App. Div. 853, 858; *Geyer* v. *Snyder*, 140 N. Y. 394, 402.) Appellants are entitled, however, to be heard with respect to their objections attendant upon the loss reported in the account of the Patchogue Bank as trustee under the 1936 trust agreement with respect to the Knapp mortgage, as to which there was no notification in the prior and settled account to December 31, 1942. (*Matter of Lewisohn*, 294 N. Y. 596; *Matter of Ryan*, 291 N. Y. 376, 416; *Rose* v. *Durant*, 44 App. Div. 381, 386.) Carswell, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ., concur. [See *post*, p. 943.]