Otto C. Jaeger, S.
This is an application by a trustee and another individual who, while never having had letters of trusteeship issued to him, has nevertheless, assumed all of the rights and duties of a trustee since the inception of the trust, for an order permitting the resignation of the cle facto trustee and further directing the issuance of successor letters to another individual to serve as trustee in his place and stead, without bond.
The designation of the proposed new trustee has been made by the present trustee and the de facto trustee under a provision contained in the will.
The decedent died on June 8, 1961, leaving a will dated September 5, 1940 which was admitted to probate and under which letters of trusteeship were issued on September 17, 1951 to two of the three individuals named by the testatrix, the third trustee so named having predeceased her. The two qualified trustees thereafter ‘ ‘ appointed ’ ’ a third individual as trustee, but letters of trusteeship were never issued to him since his application for such letters was withdrawn. One of the original two trustees died shortly thereafter and the trust has been adminis *737 tered these many years by the one original trustee and the third or de facto trustee.
The will empowers the trustees at any time to appoint by written instrument any person or corporation (having corporate power to assume such office) as successor, associate or additional trustee, to serve without bond.
The court declines to grant the first portion of the relief requested relating to permission of the de facto trustee to resign. While it is true, as counsel for petitioners contend, that equity will hold a de facto trustee fully liable for his acts (Matter of Wohl 36 N. Y. S. 2d 926) and will sustain his authority to act (Matter of Robinson, 155 Misc. 855; Matter of Jones, 136 Misc. 122), nevertheless this court will not grant his application to resign from an office in which he never qualified and as to which he never received letters. Denying this application will not leave him without relief of any kind. He may fully account for all his acts thus far and be discharged by decree as to all matters embraced in such account. Thereafter he may cease to act as a de facto trustee.
The balance of the relief requested will be granted to the extent that successor letters of trusteeship shall issue to the newly designated individual to serve in conjunction with the present original trustee upon such designee’s qualifying pursuant to statute and filing a duly approved bond in the sum of $50,000.
At the date of death of testatrix, subdivision 3 of section 125 of the Decedent Estate Law prohibited, as a matter of public policy, the granting to a fiduciary of power to appoint without a bond a successor fiduciary. Subdivision 3 of section 125 was repealed by chapter 16 of the Laws of 1966, effective March 8, 1966 (the applicability of which has been incorporated into EPTL 11-1.7 by EPTL 14-1.1, subd. [b], par. [1], subpar. [A], cl. [ix]). By its terms, the amendment to section 125 is stated to be applicable to letters of trusteeship issued on or after March 8, 1966, the effective date of the amendment, and is not limited to wills executed, or the estates of persons dying after March 7, 1966. The amendment in effect purports to repeal retroactively to 1938 the declared public policy of the State of New York in force from 1938 to and including March 7, 1966. In view of the questionable retroactive validity of the amendment insofar as it applies to wills executed, and the estates of persons dying, prior to March 8, 1966, the court is of the opinion that the successor trustee designated should be required to furnish security for the faithful performance of his duties as trustee. This court reached a similar conclusion in Matter of Waldvogel, N.Y.L.J., June 16,1967 (not otherwise reported).