# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

OTTO FENSKE and Others v. C. O. NELSON.

October 17, 1898.

Nos. 11,236[1]—(123).[2]

**Findings of Fact—Facts Admitted by Pleadings.**
Findings of fact must be fairly construed with reference to the pleadings and the manifest intention of the trial court. It is not necessary to include therein facts admitted by the pleadings.

**Same—Judgment Sustained by Findings—Admission of Evidence.**
*Held*, that the findings of fact herein support the conclusions of law and judgment, and the evidence supports such findings; and, further, that the trial court made no reversible errors in its rulings as to the admissibility of the evidence.

Action in the municipal court for the city of Duluth to recover $39.60, a balance alleged to be due on account of merchandise sold and delivered by plaintiffs to defendant. The cause was tried before Gearhart, Special Judge, without a jury, and judgment was ordered in favor of plaintiffs for $30.85. From an order denying defendant's motion for a new trial, and from the judgment, defendant appealed. Affirmed.

*J. H. Whitely*, for appellant.

*Austin N. McGindley*, for respondents.

START, C. J.
Action in the municipal court of Duluth for the recovery of

[1] See note on page iv., supra.    [2] October, 1898, term.

74 M.—1

$39.60, on account of merchandise sold by plaintiffs to defendant. Trial by court without a jury. Judgment for the plaintiffs, from which defendant appealed. The assignments of error relate (a) to the sufficiency of the findings of fact to support the judgment; (b) the sufficiency of the evidence to support such findings; (c) the correctness of the ruling of the trial court as to the admissibility of certain evidence.

1. The first question—the sufficiency of the findings to sustain the judgment—is to be determined by ascertaining just what the issues were. The complaint alleged that the plaintiffs sold and delivered goods to the defendant which were reasonably worth $131.50, which the defendant agreed to pay for within 30 days from the delivery thereof, but he has paid only $91.90 thereon. The answer admitted and alleged that the plaintiffs agreed to sell and deliver to the defendant goods of the value of $131.50 in sound and merchantable condition, and guarantied them against all defects; but the plaintiffs did not deliver them in sound condition; on the contrary, a part thereof were defective in construction and workmanship; that the part of the goods so defective was charged to the defendant by the plaintiffs at the sum of $36.60, and, upon receipt of the goods, he refused to accept the defective portions thereof, and gave due notice to the plaintiffs of such defects, and returned the defective goods to the plaintiffs, with certain burlaps, which were charged to him at $3, and which it was agreed by the parties he might return. The answer also admitted and alleged that the defendant had paid the plaintiffs $91.90 in cash; denied the allegation of the complaint "that the goods sold and delivered to the defendant aggregated the value and were reasonably worth the sum of $131.50, and that defendant agreed to pay the plaintiffs therefor within 30 days from the delivery thereof"; and further alleged that the defendant had paid the plaintiffs in full for such account, in the manner heretofore set forth. The reply put in issue the new matter alleged in the answer.

Construing the answer as a whole, and with reference to the allegations of the complaint, it is clear that the only issue in the case was as to the condition of the goods, and whether the defend-

ant had a right to, and did, duly return the portion of the goods found to be not according to the contract.

The trial court found that the plaintiffs between May 25 and August 26, 1897, sold and delivered to the defendant, at his request, the goods in question, consisting of lounges and furniture, the reasonable value of which, if not defective, amounted in the aggregate to the sum of $131.50, which the defendant promised to pay to plaintiffs within 30 days from the delivery thereof; that several of the lounges were defective, but the defects therein were obvious, except as to one, the defects whereof were latent; that this one the defendant duly returned to the plaintiffs within a reasonable time after discovering the defects, and is not liable for the value thereof, $8.75, but, as to the other defective lounges, the defendant did not notify the plaintiffs of such defects, nor return the lounges within a reasonable time. The conclusion of law was that the plaintiffs were entitled to recover of the defendant $30.85.

The defendant's objections to the findings are that it is not found that the defendant did not pay for the goods as he agreed to, nor what, if anything, he did pay; that "the amount which had been paid by defendant was put directly in issue by his answer. He claimed to have paid the account in full in a certain manner," and a specific finding on this issue was essential.

Findings of fact must be fairly construed, with reference to the pleadings and the manifest intention of the trial court. It is not necessary to include in such findings facts admitted by the pleadings. St. Paul Trust Co. v. St. Paul Chamber of Com., 64 Minn. 439, 67 N. W. 350; 8 Enc. Pl. & Pr. 937. It was admitted by the pleadings that $91.90 in money, and no more, had been paid by the defendant on account of the goods, and the only other claim made by him was that the balance of the account was paid by a return of the defective lounges. This claim was the only issue in the case, and upon it the court expressly made findings which are ample to sustain its conclusions of law and the judgment based thereon.

2. It is further urged by the defendant that the trial court erred in not dismissing the action when the plaintiffs rested, for the reason that they had failed to make out a case. The whole evidence is sufficient to establish the plaintiffs' cause of action, and

reasonably supports the findings. It is immaterial whether there was a warranty of the goods, and a breach thereof, for no claim for damages was made, but the defendant stood upon his right to return the defective goods, and that he had done so within a reasonable time.

3. It is immaterial whether the trial court erred in its rulings in receiving evidence in the particulars complained of by the defendant, for such evidence all related to the delivery or value of the goods. Neither by the pleadings nor by the evidence was any claim made but that the goods were delivered, and that the defendant was to pay the agreed price of $131.50 therefor, if in sound condition and free from defects. Therefore the errors, if any, were harmless.

Judgment affirmed.