CHARLES A. TURNER v. WILLIAM O. FRYBERGER.[1]

July 20—October 19, 1906.

Nos. 14,787—(163 [2], 5 [3]).

**Purchase of Estate.**

A cestui que trust who consents to, or with knowledge of the transaction subsequently acquiesces in, the purchase of a portion of a trust estate, or of property in which the estate is indirectly interested, by the attorney for the trustee, for the purpose of aiding the trustee in settling the estate, will not be heard to question the propriety of the transaction.

**Administrator's Account.**

On an appeal from an order of the probate court allowing the final account of an administrator, the district court cannot determine the right of the administrator to compensation for services rendered or for disbursements made subsequent to the filing of his account in the probate court. Although the matter is tried de novo, the district court exercises appellate jurisdiction only.

**Findings.**

Where the court has failed to make findings upon a material issue, it is error to refuse to make specific findings requested by a party upon such issue, when they are sustained by undisputed evidence or by such a preponderance of evidence that a finding to the contrary would not be allowed to stand.

Appeal by William O. Fryberger, as administrator of the estate of Jane Robbins, from an order of the district court for Hennepin county, Dickinson, J., denying a motion for a new trial. Reversed on reargument.

*Hicks, Carleton & Cross,* for appellant.

*Julius E. Miner* and *Willoughby M. Babcock,* for respondent.

[1] Reported in 107 N. W. 1133, 109 N. W. 229.
[2] April, 1906, term calendar.          [3] October, 1906, term calendar.

The following opinion was filed on July 20, 1906:

PER CURIAM.

This case was before the court on a former appeal (94 Minn. 433, 103 N. W. 217), where the facts are fully stated. While additional evidence was presented on the second trial, it is not substantially or materially different from what it was when the case was here before, and a majority of the court are of opinion that the decision then made should be adhered to and for the reasons stated in the former opinion. No reversible errors are shown on this appeal. The trial court refused to find facts which would estop Turner from impeaching the purchase of the property by Fryberger or amount to a ratification of his act in doing so. The evidence is not conclusive in favor of the proposed findings, and within the rule applicable to such cases, the action of the court in refusing them must be sustained. Mann v. Lamb, 83 Minn. 14, 85 N. W. 827.

The court was not requested to find "one way or the other" upon the proposed facts, but to find them as expressly stated in the motion papers. Appellant was not entitled to such findings absolutely, unless the evidence was conclusive upon the subject; at least, the refusal of the court to find them is not reversible error, the evidence being conflicting. Nor was there error in the action of the court fixing the amount of the compensation of appellant and his attorney. The administrator's account was before the court for settlement, and his compensation and that of his attorney were matters properly before it for adjustment.

Order affirmed.

A reargument having been ordered, the following opinion was filed on October 19, 1906.

ELLIOTT, J.

A reargument was ordered in this case, and upon further consideration we have come to the conclusion that the order from which the appeal was taken must be reversed, and a new trial granted. The facts upon which the controversy arose are fully stated in the former opinion. 94 Minn. 433, 103 N. W. 217.

The case was tried in the district court upon the record brought up from the probate court and without formal pleadings. It is apparent

that the principal issue on the trial was whether Turner had consented to the purchase of the life estate by Harrison E. Fryberger, or had subsequently affirmed, acquiesced in, and ratified the transaction. The rule which was announced in the decision of the former appeal is a necessary and salutary one; but it cannot be invoked by a beneficiary who consented to or ratified the improper transaction. "Volenti non fit injuria." A cestui que trust cannot allege that to be a breach of trust which has been done under his own sanction, whether by previous consent or subsequent ratification. Either concurrence in the act or acquiescence without original concurrence will relieve the trustee from responsibility to the beneficiary.

In Buell v. Buckingham, 16 Iowa, 284, 85 Am. Dec. 516, it is said: "A purchase of property by a trustee of his cestui que trust is not void, in equity, but is voidable. Such sale will be set aside for fraud or upon a very slight showing of bad faith; but when it is clear that the cestui que trust intended that the trustee should buy, and there is no fraud, no concealment, and no advantage taken by the trustee, * * * it will be upheld and enforced." In Vreeland v. Van Horn, 17 N. J. Eq. 137, Chancellor Green said: "It does not lie in the mouth of a cestui que trust * * * to complain of acts as breaches of trust which were occasioned by his own neglect." In Crutchfield v. Haynes, 14 Ala. 49, the court said: "If a cestui que trust assents to the violation of the duties of the trustee, his interest in the trust estate must be subjected to the protection of the trustee." In Hammond v. Hopkins, 143 U. S. 224, 12 Sup. Ct. 418, 36 L. Ed. 134, it was held that, if a cestui que trust acquiesces in the sale of the trust property to the trustee, he cannot have the transaction set aside. See also Butterfield v. Cowing, 112 N. Y. 486, 20 N. E. 369; In re Niles, 113 N. Y. 547, 21 N. E. 687; 1 Perry, Trusts, § 467; 28 Am. & Eng. Enc. (2d Ed.) 1123, et seq.

Hence if Turner consented that Harrison E. Fryberger might purchase the outstanding estate, or with knowledge of the facts, after the purchase, acquiesced in what had been done, and sought to avail himself of the results of the transaction, he was not in a position to question its propriety or legality. We are strongly impressed by the evidence which tends to show that Turner knew what was being done and assented to it, and that after the purchase had been made by

Fryberger he acquiesced therein. If this is true, the injustice which results to the purchaser of the life estate by the application of the strict rule which forbids an administrator or his attorney to become personally interested in any part of the estate is apparent. But the trial court has not, so far as the record shows, passed upon this issue. It was clearly presented and litigated, and its determination was vital to the appellant's case. In his memorandum the trial judge states that no estoppel was made out, but this cannot take the place of a finding to that effect.

The statute requires the trial court to make findings upon all the issues in the case, and if there is a failure to find on all the material issues raised by the pleadings, or litigated by consent, the remedy is by a motion for additional findings. Dunnell, Minn. Pr. § 526, and cases there cited. Such a motion was made by the administrator in this case, and the court declined to make the findings asked for. It is true that the refusal to make specific findings as requested is not necessarily a refusal to find on the issue involved therein. The court may refuse to find as requested, and find otherwise on its own motion. But the duty to find on all the issues is imposed upon the court by the statute, and if this is not done there is a mistrial, in cases where the attention of the court is called to such omission. A motion for particular findings as to material issues on which the court has failed to make findings requires the court to make findings on such issues as he may find the facts to be, although the motion to make the particular findings is denied. If proper findings, directed to an issue which is presented by the pleadings or which was by consent litigated, are asked for, it is error to refuse them if they rest upon undisputed evidence, or the evidence to the contrary is so slight that a contrary finding could not stand.

As this case was tried, the court should have found specifically upon the issue of the consent or acquiescence of Turner in the transaction which involved the purchase of the life estate by the attorney for the administrator, and the refusal to find as the appellant requested did not relieve the court of the duty to make a proper finding.

The administrator's final account which was filed in the probate court claimed compensation for the services of the administrator and his attorney down to the time of the filing of the account. The

correctness of these items was involved upon the trial in the district court. The probate court has original jurisdiction to determine the fees of an administrator and to pass upon his disbursements. Section 3879, R. L. 1905 (in substance the same as chapter 135, p. 167, Laws 1901), provides that if, on appeal, the order, judgment, or decree of the probate court is reversed or nullified, "the district court shall make the order or decree which should have been made by the probate court in case it can do so, and if it cannot, it shall remand the case to the probate court with direction to make such order or decree, or proceed as it may otherwise direct." On such an appeal the case is tried de novo in the district court, but nevertheless the district court exercises appellate jurisdiction only. It can make only such a determination of the case as the probate court ought to have made. It follows that the district court cannot determine the rights of the administrator or his attorney to compensation for services rendered after the appeal from the order of the probate court. But the district court found as a fact that

> The value of the personal services of said William O. Fryberger as administrator of said estate, up to and including all proceedings in this court and in said probate court relating to his said final account, is the sum of $65, and no more; and the value of the services of said Harrison E. Fryberger as attorney for said estate and for said administrator, up to July, 1905, including proceedings in said probate court and this court, is the sum of $165, and no more.

As a conclusion of law the court found that

> No further costs or fees of any kind should be charged or allowed against said estate by reason of any proceedings relating to the final account of said administrator, either in the probate court or in this court, for the personal services of said administrator, or his said attorney.

It was error to attempt to determine the right of the administrator or his attorney to compensation for services rendered after the case was appealed. The matter never had been before the probate court, and no issue of this character was presented in the district court. The evidence was confined to the value of the services of the adminis-

trator and his attorney in the proceedings in the probate court. No evidence was offered by either party as to the value of the services which had been rendered in the district court or in the supreme court, or as to the propriety of the disbursements of the administrator for attorney's fees subsequent to the filing of his account. The application of the administrator for compensation for himself and attorney and for the allowance of his disbursements must be made to the probate court, and after it has passed upon the matter the district court has the right, upon a proper appeal, to review the action of the probate court.

The order appealed from is therefore reversed, and a new trial is granted.