# LEO J. CLARK v. THORPE BROTHERS.[1]

April 12, 1912.

Nos. 17,493—(25).

**Findings sustained by evidence.**

Action to recover earnest money paid on an executory contract for the purchase of real estate, on the ground that the plaintiff was induced to enter into the contract by the alleged fraudulent representation of the defendant as to the amount of the taxes per year on the property. *Held:*

1. If findings of fact are so uncertain that it is impossible to tell, by reference to the pleadings, what the court intended to find, they are not sufficient to sustain a judgment; but if such intention can be ascertained by reference to the pleadings, the objection that the findings are not sufficiently specific cannot be raised for the first time on appeal, the remedy being a motion to make them more specific.

2. Findings of fact herein, when construed with reference to the pleadings, are sufficient to sustain the conclusion of law that the plaintiff is entitled to judgment for the amount paid on the contract.

3. The defendant cannot avoid the consequences of its fraudulent representation merely because the plaintiff might have consulted the official tax records. The findings of fact are sustained by the evidence. The court did not err in its rulings as to the admission of evidence.

Action in the municipal court of Minneapolis to recover $100 paid as earnest money on an executory contract for the purchase and sale of certain real estate. The case was tried before Montgomery, J., who made findings and as conclusion of law ordered judgment in favor of plaintiff for the sum demanded. From an order denying its motion to amend the conclusions of law and for a new trial, defendant appealed. Affirmed.

*Edward T. Teitsworth,* for appellant.
*George Harold Smith,* for respondent.

[1] Reported in 135 N. W. 387.

START, C. J.

This action was brought in the municipal court of the city of Minneapolis to recover $100 paid by the plaintiff to the defendant, a corporation, as earnest money on an executory contract for the purchase and sale of certain real estate. The alleged ground for recovery was that he was induced to enter into the contract by the fraud of the defendant.

The here material allegations of the complaint are to the effect that the defendant, with the intent to induce the plaintiff to enter into the contract, fraudulently and falsely represented to the plaintiff that the taxes on the real estate, which was the subject-matter of the contract, were $60 per year; that such representation was known to the defendant to be untrue; that the taxes on the real estate were $72.23 per year; and, further, that the plaintiff confided in such false representation, and, misled thereby, paid to the defendant the $100 as a part of the purchase money of the real estate.

The answer admitted the making of the contract and the payment of the earnest money, but denied the making of the alleged false representation, and also denied that the plaintiff was misled by any false representations of the defendant.

The case was tried by the court without a jury. The trial court found that the parties entered into the contract for the sale and purchase of the real estate; that the plaintiff paid on the purchase price thereof $100; and, further, that plaintiff was induced to enter into such contract and pay the defendant the $100 by certain false and fraudulent statements as to the amount of the taxes upon the property, which statements were made to plaintiff by the agent of the defendant, and relied upon by plaintiff, who was deceived thereby, and who, upon the discovery of such false representations, repudiated the contract and demanded return of the $100, no part of which has ever been returned to him. As a conclusion of law the trial court found that the plaintiff was entitled to judgment against the defendant for the sum of $100. The defendant appealed from an order denying its motion to amend the conclusions of law so as to direct judgment for it, and its motion for a new trial.

The part of the order denying the motion to amend the conclusions of law is not appealable; but all the questions here raised by the defendant are reviewable on the appeal from the order denying the motion for a new trial.

1. The defendant's first contention is that the finding of fact that the plaintiff was induced to. pay the $100 by certain false representations as to the amount of taxes on the property is too vague and uncertain to support a judgment, for the reason that. such finding may refer to any kind of a false and fraudulent representation as to taxes whatsoever. The rule applicable to this question is well settled. If findings of fact are so uncertain that it is impossible to tell, by reference to the pleadings, what the court intended to find, they are not sufficient to support a judgment; but if such intention can be ascertained by reference to the pleadings, the objection that the findings are not sufficiently specific cannot be raised for the first time on appeal. The remedy is by motion to make more specific. Lesher v. Getman, 28 Minn. 95, 9 N. W. 585; Hewitt v. Blumenkranz, 33 Minn. 417, 23 N. W. 858; Fenske v. Nelson, 74 Minn. 1, 76 N. W. 785.

Construing the findings in this case with reference to the pleadings, we hold that they are sufficient as against the objection that they are too uncertain to support the judgment.

2. It is further urged that the findings of fact do not sustain the conclusion of law, because there is no finding that the representation was made by the defendant with intent to deceive the plaintiff. It is true that an intent to deceive is an essential element in an action for deceit. But the finding of fact in this case, that the plaintiff was induced to enter into the contract by the false and fraudulent statements (representations) made by defendant and relied upon by plaintiff, who was deceived thereby, is the finding of an ultimate fact, and necessarily includes all the essential elements of an actionable fraudulent representation. The findings are sufficient as to defendant's intent to deceive.

3. The next contention of the defendant is that the findings of fact are not sustained by the evidence. It is urged in effect that

the discrepancy between the amount of the taxes as represented and the actual amount thereof was relatively insignificant, and not a matter specially within the knowledge of the defendant, but a matter of public record, and could have been ascertained by the plaintiff as well as by the defendant; hence the plaintiff was not legally justified in relying upon the representation and repudiating the written contract, nor the court in setting it aside.

There was, however, evidence on the part of the plaintiff tending to show that the plaintiff stated to the defendant's agent, pending the negotiations, that the amount of the taxes was an important item with him, and asked the agent what the taxes were, who replied, "$60 per year," and that the plaintiff relied upon the statement, and would not have entered into the contract if he had known that the statement was not correct. The agent testified to the effect that he did not know the amount of the taxes, that the plaintiff asked him if he could give an approximate idea what the taxes were, and he said that he could, but did not tell the plaintiff that they would not exceed $60. The evidence, considered as a whole, was sufficient, if satisfactory to the trial court, to justify the inference that the representation did not refer alone to the amount of the then current taxes, but to the amount of the taxes per year; that is, the average annual tax burden up to the time of the making of the contract, a material matter for the consideration of a proposed purchaser of real estate. If the representation was material, and made by the agent of the defendant as of his own knowledge, when in fact he had none, with intent to induce the plaintiff to rely upon it, and he did so to his injury, the representation was a fraudulent one, and the consequences of the deceit cannot be avoided, merely because the plaintiff might have consulted the official tax records. Riggs v. Thorpe, 67 Minn. 217, 69 N. W. 891; Porter v. Fletcher, 25 Minn. 493; Stearns v. Kennedy, 94 Minn. 439, 103 N. W. 212. We hold that the findings of fact are sustained by the evidence within the rule applicable to such cases.

4. The plaintiff testified on his cross-examination that the representation was an important part of his buying the property.

Thereupon he was asked by the defendant this question: "Why, then, didn't you have the guaranty in your contract?" The court sustained the plaintiff's objection to the question, and the ruling is here assigned as error. The latitude to be allowed on cross-examination of a witness is largely within the discretion of the trial judge, and the ruling in question was not an abuse of judicial discretion.

Order affirmed.