# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

RICHARD HAYES, Jr. and Another v. SUSAN HAYES.[1]

July 19, 1912.

Nos. 17,536—(137).

**Finding of evidentiary facts.**

Action to recover possession of land. The complaint alleged title and right of possession in the plaintiffs, and the answer alleged title and possession in defendant. The findings of fact were that plaintiffs were the owners in fee of the land and entitled to the immediate possession thereof, which was wrongfully withheld from them by the defendant. *Held:*

1. That trial courts are required to find only the ultimate issuable facts, and are not bound to find mere evidentiary facts. It was not error to deny defendant's motion to amend the findings.

2. The findings of fact herein are sustained by the evidence.

Action in the district court for Dakota county to recover possession of certain land and $100 damages. The case was tried before Johnson, J., who made findings and conclusions of law as set forth in the

1 Reported in 137 N. W. 162.

119 M.—1.

opinion. From an order denying defendant's motion for additional findings and for a new trial, she appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellant.

*Albert Schaller,* for respondents.

START, C. J.

This action was brought in the district court of the county of Dakota to recover possession of land described in the complaint. The complaint alleged that the plaintiffs were the owners in fee of the land and entitled to the possession thereof, and that the defendant was in possession of the land and wrongfully withheld the same. The answer denied that the plaintiffs were the owners of the land or entitled to the possession thereof, admitted that the defendant was in possession, and alleged that she was the widow, and only heir of Mathew Hayes, deceased, who at the time of his death was lawfully seised of the land and had title thereto; that he for fifteen or more years next preceding his death was in the open and uninterrupted possession of the land and made valuable improvements thereon; and, further, that since his death the defendant has remained in possession thereof and has continued to improve the same. The answer demanded only that plaintiffs take nothing by their action and for costs. The reply admitted the death of Mathew Hayes and that the defendant was his widow and only heir.

The cause was tried by the court without a jury and findings of fact and conclusions of law were made to the effect following: The plaintiffs are the owners in fee and entitled to the immediate possession of the land described in the complaint. The defendant is in possession of the land and wrongfully withholds the same from the plaintiffs. As a conclusion of law the court found that the plaintiffs were entitled to the possession of the land, and ordered that judgment be entered accordingly. Thereupon the defendant made a motion for amended findings of fact as to the time and circumstances under which the defendant's husband took possession of the land, the length of time he and she occupied the land, whether their possession was exclusive or not, whether he made improvements on the land, or bought other lands adjoining, or insured the buildings on the land,

or paid taxes, or claimed to be the owner of the land by gift from his father. The motion was denied. The defendant also made a motion for a new trial, and appealed from an order denying it.

The first contention of the defendant is that the court erred in denying her motion for amended findings of fact. An examination of the proposed amended findings shows that they related to evidentiary facts, or, in other words, the court was asked to find or state the evidence on the part of the defendant relevant to the issue as to the ownership and right to possession of the land. The facts required to be found by a trial court are the ultimate issuable facts, and it is not bound to find mere evidentiary facts. 3 Dunnell, Minn. Dig. § 9851. The ultimate issue in this case was whether the plaintiffs were the owners and entitled to the possession of the land, or was the defendant the owner thereof and entitled to its possession? If the plaintiffs were, then, necessarily, the defendant was not; therefore a finding of the ultimate fact that the plaintiffs were the owners in fee of the land and entitled to its possession was all that was necessary to support a judgment in their favor. The trial court did not err in denying the motion to amend the findings of fact, nor in refusing to amend its conclusions of law.

The other assignments of error meriting special consideration are to the effect that the court erred in finding that the plaintiffs, instead of the defendant, were owners of the land and entitled to its possession. The evidence shows that the record title in fee to the land was, on April 13, 1909, in Timothy Hayes, Sr., and that on that day he conveyed it to his grandchildren, the plaintiffs herein. It is claimed on behalf of the defendant that Timothy Hayes, Sr., some seventeen years before the death of his son, Mathew Hayes, made a parol gift of the land to him; that he accepted the gift and entered into possession of the land; that he continued in such possession until his death, holding and treating the land during all that time as his own; and, further, that the manner of such occupancy and use for seventeen years established a possession which passed the title to himself and heirs.

The evidence is quite clear that Mathew Hayes entered into possession of the land in 1892, and continued therein until his death in

1909, and that during this time he received the income from the land, paid the taxes for a portion of the time, made permanent improvements thereon, and insured the buildings thereon in his own name. The evidence, however, is equally clear that such possession was not adverse, but permissive, and with the consent of his father, Timothy Hayes, Sr., the owner of the land. The evidence also tended to show that such possession was with the understanding that Mathew Hayes was to have what he could make on the land for a few years until he could get a start. The record discloses no evidence sufficient to require a finding of either an executed parol gift of the land to Mathew Hayes or title thereto by adverse possession. We must, therefore, hold that the findings of fact are sustained by the evidence, and that they sustain the conclusions of law.

Order affirmed.