JOSEPH J. MORIARTY v. G. R. MALONEY and Another.[1]

May 2, 1913.

Nos. 17,810—(55).

**Findings sustained by evidence.**

1. The evidence in this case is sufficient to sustain the findings of the trial court.

**Payment into court.**

2. Defendants, having tendered payment of the full amount called for in a written contract, and, after its refusal, having paid the full amount into court, cannot attack the judgment rendered therefor on the ground that the full amount was not then due.

**Amount due — itemized findings.**

3. The court, having determined the total amount due plaintiff for services, was not required to make a specific finding upon each item claimed by plaintiff.

**Amendment of findings.**

4. There was no error in amending the findings of fact, as the evidence was sufficient to sustain the amendment.

Action in the district court for Scott county to recover $858.25 for services rendered by plaintiff as an attorney at law. The answer alleged a written agreement with plaintiff to perform the services for the sum of $100, and payment of that sum into court. The reply denied the new matter in the answer. The case was tried before Morrison, J., who made findings and ordered judgment in favor

[1] Reported in 141 N. W. 186.

of plaintiff for the sum of $765. Defendants' motion for amended findings was granted in part and denied in part. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*E. Southworth* and *Julius A. Coller,* for appellants.

*W. C. Odell,* for respondent.

TAYLOR, C.

The defendants are, respectively, the executor and the executrix of the will of Michael Moran, who died April 21, 1911, leaving an estate, consisting of both real and personal property, exceeding $40,-000 in value. About April 25, 1911, defendants made a contract with plaintiff, a young attorney then in practice less than a year, whereby plaintiff agreed to "give such legal advice and execute such work as is necessary for the ordinary probate of an estate of the character of the above-entitled estate of Michael Moran" for the sum of $100; "full amount to be paid when the estate is fully administered."

Plaintiff employed Mr. H. J. Peck, an experienced attorney, to assist him in performing his duties. Defendants knew this, and consulted with Mr. Peck as representing plaintiff. Objections were filed against the admission of the will to probate, and plaintiff and Mr. Peck prepared for a trial upon the contest so instituted; but, after several adjournments of the date set for the trial, the contest was abandoned, and the will admitted to probate. The will contained specific bequests to 32 different beneficiaries, scattered through several different states, entailing considerable correspondence. To carry out the provisions of the will it was necessary to convert the real estate into money for distribution among the various legatees, and, as the will contained no power of sale, plaintiff was required to conduct the usual proceedings for the sale of real estate under license and authority of the probate court. A claim of $2,675 against the estate was contested as exorbitant, and was finally reduced more than one-half. Plaintiff claims that at the time he made the contract above mentioned he had no knowledge of the amount of the estate, had never seen the will, and knew nothing as to its terms, or the amount of work necessary in probating it and carrying out its provisions.

On account of the above-mentioned matters he made a claim for extra pay over and above the $100 specified in the contract. As a result of the controversy over this claim, the relation of attorney and client between the parties ceased shortly after the middle of July, 1911. At a conference between the parties, held about three weeks later, he was again employed as attorney, and he testifies that in this re-employment defendants expressly agreed to allow him extra pay. Defendants deny making this agreement; but the trial court finds that it was made, and that thereafter plaintiff's services were rendered under it.

The evidence is sufficient to support the findings of the trial court, and under the well-known rule governing such matters this court cannot interfere with them. This conclusion disposes of appellants' first, third, fourth, and fifth assignments of error.

In their second assignment of error, appellants urge that the full sum of $100 for services performed under the contract should not have been allowed, as the estate had not been fully administered.

It does not appear to what extent the probate proceedings had been completed. The present controversy arose when plaintiff presented his bill for services, and presumably the proceedings were approaching completion. Defendants repudiated his claim for extra pay, and insisted that he was entitled only to the $100 stated in the contract. The sole controversy between them was whether plaintiff was entitled to extra pay, or was limited to the specified $100. No claim was made that the time for payment had not arrived.

Before the commencement of the present action, defendants tendered plaintiff the full $100 in full payment, which he refused. After the commencement of the action, but before the trial, they paid the full $100 into court for him. On these facts, and the finding of the court that plaintiff's services rendered under the contract were worth the contract price, the court was justified in allowing him the full amount.

The court found the value of the services rendered by plaintiff, either in person or through Mr. Peck, outside the purview of the contract, to be $665, but did not indicate the specific items of plaintiff's bill which it allowed or disallowed. Defendants made a motion

requiring the court to so indicate, which was denied, and they assign this as error. The court having found the ultimate fact, it was not required to specify the items constituting the evidentiary facts upon which it was based.

On application of the plaintiff, the court amended its original findings by inserting therein a paragraph stating in express terms that plaintiff and defendants entered into the second or additional agreement hereinbefore mentioned, and defendants assign the making of this amendment as error in their seventh and last assignment. The evidence is sufficient to sustain this finding, and there was no error in making it at the time and in the manner in which it was made. The judgment appealed from is affirmed.

BROWN, C. J., took no part.