# FRANK A. KENT v. JOHN COSTIN, JR.[1]

## July 23, 1915.

## Nos. 19,251—(168).

**Refusal to make additional findings.**

1. The refusal of the trial court to make additional findings will not be reversed, unless the evidence is conclusive in favor of such proposed findings; nor where the proposed finding is in conflict with those already made. *Held* that the findings of the court are sustained by the evidence and that there was no error in the denial by the court of the motion for new or additional findings.

**Joint adventure — statute of frauds.**

2. The original agreement between plaintiff and defendants to procure an option to further develop the mine and, subsequently, to form a corporation and issue stock, to be equally divided among them, was not in writing, but the transaction amounted to a joint adventure or partnership and was not within the statute of frauds. The procurement of the option, the formation of the corporation, and the issuance of the stock was such performance as to render the statute of frauds inapplicable, even though the original agreement were voidable.

**Laches — appeal from finding.**

3. The question whether plaintiff was chargeable with laches was one of fact for the trial court, whose conclusion, being sustained by the evidence, will not be disturbed.

**Relief granted.**

4. Under the original agreement, each party was to have one-third of the stock of the corporation. Plaintiff received but one-fourth. To make up the claimed one-third, he was entitled to 20,833⅓ shares; the trial court awarded him 41,666⅔ shares. *Held* that plaintiff is entitled to 20,833⅓ shares of the stock held by Costin and to the dividends received thereon by Costin, and no more.

[1] Reported in 153 N. W. 874.

Note.—As to effect of statute of frauds upon validity of parol partnership for dealing in lands see notes in 16 L.R.A. 745. 4 L.R.A.(N.S.) 427, 33 L.R.A.(N.S.) 883, L.R.A. 1915A, 521.

Action in the district court for St. Louis county to restrain defendant Costin from selling certain shares of stock of the Chandler Mining Co. and for an accounting in connection therewith. The case was tried before Hughes, J., who made findings and ordered judgment in favor of plaintiff for $14,583.34. Defendant Costin's motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, defendant Costin appealed. Modified.

*Fryberger, Fulton & Spear,* for appellant.

*Spencer & Spencer* and *Baldwin, Baldwin & Holmes,* for respondents.

SCHALLER, J.

The facts in this case as found by the trial court are substantially as follows:

For many years prior to July, 1909, plaintiff was in the employ of the Chandler Iron Mining Co., as a shift boss. As such he had charge of the operations of that company in the iron mine which is the subject of the present controversy. At about the date stated, the Chandler Co. surrendered its mining lease to the mine in question. Plaintiff, knowing that large quantities of ore had been left in the mine, brought the matter to the attention of defendant McNeil, and suggested that an option be obtained from the fee owners of the mining property. McNeil then brought the matter to the attention of defendant Costin who favored the proposition. Plaintiff and defendants Costin and McNeil subsequently met and verbally agreed that Costin should obtain from the owners an option to continue the mining operations. The option was to be taken in the name of Costin, and the understanding and agreement made at that time was that each party should share equally in the option, and that the stock in a corporation thereafter to be organized should be issued accordingly. Costin obtained the option and a corporation was subsequently organized under his direction. The capital stock was fixed at 500,000 shares of the par value of one dollar per share. Two hundred and fifty thousand dollars of this was made treasury stock. Costin caused 125,000 shares to be issued to himself and to

plaintiff and McNeil 62,500 shares each. Plaintiff repudiated this distribution, insisting all along that he was entitled under the original agreement to one-third of the stock. The corporation was organized and the stock issued and distributed in March, 1910. If the stock had been issued as originally agreed, each party would have received 83,333⅓ shares; but 125,000 shares were issued to Costin, so that he received 41,666⅔ shares more than he was entitled to. This action was brought to compel Costin to transfer to plaintiff the surplus shares issued to him so that plaintiff would share equally with him in the corporation.

The findings of the court were substantially as above outlined. The conclusions of law directed the entry of judgment requiring Costin to transfer to plaintiff 41,666⅔ shares of the stock received by him, and to pay to plaintiff the dividends received on such stock since the organization of the corporation.

Defendant Costin subsequently moved for additional and amended findings. The motion was denied in all respects; judgment was entered on the original findings, and defendant Costin appeals. Defendant McNeil acquiesced in the conclusion, and is not a party to the appeal.

Many assignments of error are made, mostly challenging the findings made as not sustained by the evidence, and challenging the refusal of the court to make additional or amended findings. The questions thus presented, as far as discussion is necessary, narrow down to three distinct propositions: (1) Whether the findings of the court are sustained by the evidence, and whether the court erred in not amending or modifying the same; (2) whether the contract between the parties, as found by the trial court, was within the statute of frauds and void; and (3) whether plaintiff lost his right to redress by laches.

1. The pleadings and the course of the trial developed three issues of fact. Plaintiff contended throughout that by the original agreement the parties were to share equally in the project. Defendant Costin contended that no such agreement was made; that until the corporation was formed the parties were in dispute as to the interests to be assigned to each; and that, when the corporation was

formed, the whole matter was adjusted and compromised by the issuance of one-half the stock to Costin, the remainder to be divided between plaintiff and McNeil. The evidence presented by plaintiff supports the findings of the court that his version of the original agreement expresses the true situation. It would serve no useful purpose to discuss the evidence. Our conclusion, above stated, has been reached after a careful consideration of all the evidence in the record.

The findings being supported by the evidence and being sufficient to support the conclusions of law, there was no error in the refusal of the court to make other or additional findings. Refusal of the court to make additional findings will not be reversed, unless the evidence is conclusive in favor of such proposed findings (Mann v. Lamb, 83 Minn. 14, 85 N. W. 827); nor where the proposed finding is in conflict with those already made. Banning v. Hall, 70 Minn. 89, 72 N. W. 817.

There is, it is true, evidence tending strongly to support the proposed findings but the facts therein stated are not conclusively established. To have granted the motion for the proposed findings would have necessitated a different conclusion, and would also have required the setting aside of the finding to the effect that the parties agreed upon an equal interest in the enterprise. The proposed findings were not necessary to enable defendant to present either the question whether the original agreement, not having been reduced to writing, was within the statute of frauds and, therefore, void; nor the question whether plaintiff by his delay and laches, or by acquiescence in the division of the stock, had lost the right to the relief demanded. We, therefore, hold that the findings of the court are sustained by the evidence, that they justify the conclusions of law, and that there was no error in the denial by the court of the motion for new or additional findings.

2. The original agreement was not in writing. By it, Costin was to procure an option to further develop the mine, and each party was entitled to an equal interest therein. A corporation was subsequently formed for the purpose of conducting the mine, to which Costin assigned and transferred the option; stock was then issued

to the parties in the manner and in the proportions heretofore stated. The contention that the contract was within the statute of frauds is not sustained. The transaction between the parties amounted to a joint adventure or partnership, which brings the case within rules applicable to that branch of the law. Moreover, the verbal agreement was fully performed by the procurement of the option, the organization of the corporation and the issuance of the stock to the interested parties. Even though the contract was invalid as originally entered into, this performance renders the statute inapplicable. Kruse v. Tripp, 129 Minn. 252, 152 N. W. 538. The case of Bennett v. Harrison, 115 Minn. 342, 132 N. W. 309, is not in point. The facts there presented are entirely different from those here before the court.

3. The question whether plaintiff is chargeable with laches was one of fact for the trial court. The findings made necessarily negative laches, although the issue is not expressly covered by the facts found. We have fully considered the evidence which defendant claims conclusively shows such laches, and have arrived at the result stated, namely, that the issue was one of fact, and that the evidence sustains the conclusion of the trial court.

4. The evidence and the facts found show, in our view of the case, that the court erred in awarding to plaintiff 41,666⅔ shares of the stock held by defendant Costin. The question is fairly presented by the assignments of error and we dispose of it accordingly. The whole theory of plaintiff's case is that he was entitled under the agreement to one-third of the stock of the corporation, namely, 83,333⅓ shares. He received 62,500 shares, namely, one-fourth, and to make up the claimed one-third, he was entitled to 20,833⅓ shares; the court gave him 41,666⅔. This was error. The theory of the trial court was that a part of the stock issued to plaintiff was a gift from McNeil. This theory is wholly inconsistent with plaintiff's case, and the basis upon which he is entitled to recover. The facts are that Costin controlled the matter of the formation of the corporation, and the officers thereof after incorporation. He directed that one-half of the stock be issued to himself, and that the other one-half be issued as directed by McNeil. Plaintiff was not

present and took no part in that division. McNeil divided the remaining one-half equally between himself and plaintiff. By doing this, however, it cannot be said that he was making a gift or donation to plaintiff of a part of his own stock. The parties, plaintiff, Costin and McNeil, were jointly concerned in the matter; a fiduciary relation existed between them, imposing upon each the utmost good faith in carrying out the agreement. It was as much the duty of McNeil to see to it that plaintiff received his proper share in the corporation as it was the duty of Costin. By directing the issuing to plaintiff of 62,500 shares of stock, McNeil was not thereby granting to plaintiff anything that plaintiff was not entitled to under the agreement. Plaintiff was entitled to $83,333\frac{1}{3}$ shares of the stock; he only received a part thereof. He was entitled to the part issued to him under the contract. No part of that stock can be held a donation or gift by McNeil, unless defendant's contention is adopted that this particular division was finally agreed upon by the parties. The court found this not true, but found, on the contrary, that plaintiff was entitled to a one-third interest which was not given to him.

It must follow, therefore, that plaintiff is entitled to $20,833\frac{1}{3}$ shares of the stock held by Costin, and no more. That amount, added to what plaintiff heretofore received, will vest in him his full one-third interest in the corporation.

This covers all that need be said in disposing of the case. We have given the voluminous record and briefs full and careful consideration with the result heretofore stated. We discover no error of a character to require a new trial, though there should be a modification of the judgment.

It is, therefore, ordered that the cause be remanded with directions to the court below to amend its conclusions of law to correspond to the views herein expressed, by reducing the number of shares of stock required to be transferred by Costin to plaintiff to $20,833\frac{1}{3}$ shares, and by reducing the dividends received by him and to be paid over to plaintiff one-half. As so modified the judgment will be affirmed.

It is so ordered.