## ALBERT S. LIEBERMAN v. ARTHUR P. FOX.[1]

October 31, 1924.

No. 24,225.

**No review on appeal of objection at trial not passed on by trial court.**

1. Where the record shows that upon objection to reception of evidence a ruling was reserved, but fails to show one made subsequently, or a request to rule by way of a motion for a new trial or otherwise, the error assigned upon the reception of the evidence objected to cannot be considered on appeal.

**No reversal on appeal of faulty findings of fact because of defect in defendant's motion.**

2. Although the findings of fact are faulty in not covering every specific issue litigated, appellant is not entitled to a reversal since his motion for findings did not point out the specific issues upon which findings were desired, and since the findings as made are properly supported by the evidence, and do support the judgment.

**Inference that indorser waived presentment of check.**

3. The evidence warranted the conclusion that the indorser of a check impliedly waived presentment and notice of dishonor.

Action in the municipal court of Thief River Falls to recover upon a check. The case was tried before Tarrant, J., who ordered judgment in favor of plaintiff. From the judgment, defendant appealed to the district court for Pennington county where the appeal

[1]Reported in 200 N. W. 468.

was heard by Grindeland, J., who ordered judgment in favor of plaintiff. From the judgment, defendant appealed. Affirmed.

*J. M. Bishop,* for appellant.

*O. A. Naplin,* for respondent.

HOLT, J.

The indorser of a check appeals from a judgment. The execution, indorsement and delivery of the check were admitted. The complaint alleged presentment, nonpayment and notice of dishonor, and also that when the check was taken it was agreed that if it was not paid by the maker within 60 days defendant would at once redeem the same.

On the trial defendant objected to any evidence showing anything different than what is shown upon the instrument itself, unless it is in writing. The court stated that the objection will stand to all testimony relating to this matter and exceptions may be noted and the ruling will be reserved. The record shows no ruling. There was no motion for a new trial. Defendant did move for additional findings "upon all issues made by the pleadings in this action, and specifically requests that findings of fact be made upon each and all issues made by the defendant's answer." This was denied. The only findings of fact were: "That the defendant is indebted to the plaintiff in the sum of One Hundred Fifty-four Dollars ($154.00), with interest thereon at six per cent per annum from February 1, 1923, for one certain check in the above sum indorsed by the defendant to the plaintiff and which check has not been paid as alleged in the amended complaint in this action."

Only two errors assigned merit attention, viz (a): The admission of the oral testimony referred to; and (b) denying the motion for additional findings.

Where in the course of a trial an objection to the reception of certain testimony is interposed and a ruling reserved, the record must show that thereafter the court ruled adversely to appellant, in order to review on appeal an error assigned upon the reception of such testimony. 3 Dunnell, Minn. Dig. § 9737, Ambuehl v. Matthews, 41 Minn. 537, 43 N. W. 477; Stitt v. Rat Portage Lumber

Co. 98 Minn. 52, 107 N. W. 824; Gourd v. County of Morrison, 118 Minn. 294, 136 N. W. 874; State ex rel. v. District Court of Hennepin County, 139 Minn. 30, 165 N. W. 478; and the other cases referred to in the cases cited. Hence the error assigned upon the reception of the evidence objected to cannot be considered, because no ruling was obtained in the court below at any time. Not even indirectly was there an attempt to get a ruling by making a motion for a new trial. Gourd v. County of Morrison, supra.

The motion for additional findings was no more specific than the amended complaint and amended answer, neither of which should serve as models. A party desiring a finding upon an issue tried should definitely designate the issue or, if the evidence warrants only certain findings, he may ask for those findings. Neither was done here. There is just cause for finding fault with the form of the findings. Litigants are entitled to full findings upon the issues of fact in the case, and may secure such by proper application. Turner v. Fryberger, 99 Minn. 236, 108 N. W. 1118, 109 N. W. 229, holds that "a motion for particular findings as to material issues on which the court has failed to make findings requires the court to make findings on such issues as he may find the facts to be, although the motion to make the particular findings is denied." See also First Nat. Bank of Boston v. Towle, 118 Minn. 514, 137 N. W. 291. But it is also held that refusal of the court to make additional findings will not lead to a reversal, if the findings made. are supported by the evidence and are sufficient to support the conclusions of law. Kent v. Costin, 130 Minn. 450, 153 N. W. 874.

The amended complaint attempts, though crudely, to plead waiver. And, as already indicated, evidence was received of an agreement the effect of which was to dispense with presentment and notice of dishonor. This was error since the court has held, contrary to the weight of authority perhaps, that a verbal agreement to waive presentment and notice made at the time a negotiable instrument is indorsed is inadmissible. Farwell.v. St. Paul Trust Co. 45 Minn. 495, 48 N. W. 326, 22 Am. St. 742. But laying out of the case that agreement, the evidence was that the indorsee informed plaintiff when he took the check that it was "no good"

at the bank, but that plaintiff might be able better to get it paid from the maker than defendant, and therefore the latter asked plaintiff to take it as an accommodation. There was also evidence that, long after the check was indorsed and after presentment should have been made, defendant recognized his liability and promised to pay. Section 82 of the Negotiable Instruments Act (G. S. 1913, § 5894), provides: "Presentment for payment is dispensed with— (3) By waiver of presentment, express or implied."

The evidence referred to clearly made out implied waiver of presentment and notice of dishonor. "A promise to pay or acknowledgment of liability by drawer or indorser after maturity, and with knowledge that proper demand and notice have not been given, is a waiver." Morse, Banks & Banking (5th ed.) § 262, p. 509. Here both parties had knowledge that the check was not good at the bank when indorsed, and would not be good. Under such a situation presentment for payment would be a useless act which the parties did not contemplate should be done. The authorities strongly support the claim that the evidence referred to above as properly received makes out waiver. In Re Swift, 106 Fed. 65; Torbert v. Montague, 38 Colo. 325, 87 Pac. 1145; Simonoff v. Granite City Nat. Bank, 279 Ill. 248, 116 N. E. 636; Bessenger v. Wenzel, 161 Mich. 61, 125 N. W. 750, 29 L. R. A. (N. S.) 516. The last cited case contains a very full discussion of the law applicable to the facts at bar. The evidence clearly established an implied waiver of presentment and notice of dishonor, and it is to be assumed that the court so concluded or else the finding could not have been made that defendant, the indorser, was indebted to plaintiff in the amount of the check.

The judgment must be affirmed.