# MAX BAHR v. UNION FIRE INSURANCE COMPANY.[1]

June 11, 1926.

No. 25,104.

**Necessary to allege specific facts in answer to action upon arbitrators' award.**

1. To attack an award of arbitrators, made under a standard fire insurance policy provision, it is necessary to allege specific facts and not general conclusions that the arbitrators acted erroneously and incorrectly.

**Allegations of amended answer sufficient.**

2. An amended pleading takes the place of the original. By the amended answer the defense was properly alleged that plaintiff had attempted to defraud defendant by specific conduct and perjury at the trial. Whether this defense was proven was for the trial court.

**"Attempt to defraud" as used in standard fire insurance policy.**

3. The standard fire insurance policy provides that it shall be void, if the insured shall make any attempt to defraud the company. It is *held* that the attempt must consist of wilful and known wrongful, fraudulent or deceitful acts to defraud, but the result of the attempt is immaterial.

**When refusal to make different conclusion of law will not be reversed.**

4. When the findings are supported and sustain the conclusion of law, the refusal to make additional findings, calling for a different conclusion of law, will not be reversed unless the evidence is conclusive in favor of such proposed findings or so strong that findings to the contrary could not stand.

**Award not excessive.**

5. The award was not so excessive as to furnish ground for rejecting it.

**Case will not be reversed for clerical error in finding value of property.**

6. Mere clerical errors will not reverse a case.

Appeal and Error, 4 C. J. p. 876 n. 78; p. 924 n. 97; p. 1058 n. 89; p. 1060 n. 20 New.

[1]Reported in 209 N. W. 490.

Fire Insurance, 26 C. J. p. 383 n. 7, 8; p. 384 n. 9; p. 386 n. 26, 29; p. 426 n. 67; p. 432 n. 61; p. 433 n. 69 New.

Pleading, 31 Cyc. p. 465 n. 29.

See note in 20 A. L. R. 1164; 14 R. C. L. p. 1344; 3 R. C. L. Supp. 387; 4 R. C. L. Supp. 964; 5 R. C. L. Supp. 815.

Action in the district court for St. Louis county upon an award of arbitrators on a fire loss covered by defendant's policy. The case was tried before Magney, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*George H. Spear* and *James E. Gardner*, for appellant.

*F. C. Elston*, for respondent.

HOLT, J.

Action upon the award of arbitrators in a fire loss covered by an insurance policy issued by defendant. Findings were made in favor of a recovery thereon. The appeal is by defendant from the order denying its motion for a new trial.

It is not in dispute that a fire occurred in an apartment building occupied by plaintiff which damaged his household goods; that defendant had insured the same against loss from fire; that arbitrators were duly selected pursuant to the terms of the policy; and that an award of $800 for the loss was made and signed by two of the three arbitrators. The original answer challenged the award in this fashion: "That said appraisal was so erroneous and incorrect as to be fraudulent as a matter of law, and further that said appraisal was entered into under a specific agreement between plaintiff and defendant, whereby the making of the same waived no defense to the above action on behalf of the defendant." So far as the award is concerned, the defense pleaded was entirely inadequate under the decision of McQuaid M. H. Co. v. Home Ins. Co. 147 Minn. 254, 180 N. W. 97. Nor did the evidence in any manner impeach the award on account of any misconduct or irregularity of the arbitrators.

There was also in the original answer a defense of misrepresentations by the insured as to the use of the building in which the insured property was located, but no claim is now made that this defense was established. However, after plaintiff's evidence was in and he had given some testimony which indicated that other defenses might exist, defendant was permitted to amend its answer. As amended it still failed to allege facts sufficient to constitute a defense against the award due to any misconduct or irregularity of the arbitrators, but there were averments of fraud committed by plaintiff to the effect that he had furnished the arbitrators a list purporting to enumerate the goods exposed to the fire with the cost price of each article noted thereon, that such prices were misstated, and that at this trial plaintiff testified falsely as to when and how the list was made and as to the prices paid for certain oil paintings, all with an intent to defraud defendant.

The answer as amended took the place of the original answer and the action must be determined upon the defenses raised by the amended pleading. After the findings were made holding the award, upon which the action was brought, in all things valid, defendant moved for many additional findings, amongst others, findings substantially in accord with the above noted charges of fraud and false swearing made in the amended answer. The motion was denied. Did the trial court commit reversible error in so doing presents really the only question upon this appeal.

The policy, under which the award was made, was the standard fire insurance policy containing this provision: "The policy shall be void * * * if the insured shall make any attempt to defraud the company, either before or after the loss." The provision does not relate to representations inducing the issuing of the policy. But, after the insurance is effected, any attempt to defraud the insurer by the insured voids the policy, even though the attempt be abortive, or did not influence either the arbitrators or the insurer because they knew the truth and were aware of the fact that the assured was attempting to defraud. The authorities are fully collated in the annotation to Judge Sanborn's opinion in Columbian Ins. Co. v. Modern Laundry, 20 A. L. R. 1159-1179. This court in Hodge v. Franklin Ins. Co. 111 Minn. 321, 126 N. W. 1098, has spoken with

reference to this proviso in the standard policy, where the insured claimed the property destroyed was worth $1,675, but the jury found it worth only $985.92, holding that the discrepancy between the value claimed by the insured and that fixed by the jury did not conclusively prove an attempt to defraud, quoting with approval, this from 13 Am. & Eng. Enc. (2d ed.) 344:

"A discrepancy, even of very considerable proportions, between the amount stated by the insured in the proofs of loss and the value found by the jury does not conclusively establish fraud or false swearing, but it remains a question of fact whether the overvaluation was intentionally fraudulent or merely an error of judgment."

Unless the court could conclude that plaintiff purposely attempted to defraud defendant by furnishing the arbitrators with a list which he knew did not truly express what it purported to represent, or intentionally falsified in his testimony at the trial, no defense was made out.

Where as here a motion for additional findings upon material issues is made, it only "is error to refuse them if they rest upon undisputed evidence, or the evidence to the contrary is so slight that a contrary finding could not stand." Turner v. Fryberger, 99 Minn. 236, 107 N. W. 1133, 109 N. W. 229. To the same effect is Mann v. Lamb, 83 Minn. 14, 85 N. W. 827. In Kent v. Costin, 130 Minn. 450, 153 N. W. 874, the court said: "The findings being supported by the evidence and being sufficient to support the conclusions of law, there was no error in the refusal of the court to make other or additional findings. Refusal of the court to make additional findings will not be reversed, unless the evidence is conclusive in favor of such proposed findings." See also Lieberman v. Fox, 160 Minn. 449, 200 N. W. 468.

It may be conceded that there are discrepancies in plaintiff's testimony in respect to cost of the various articles of the insured property; however, it is to be remembered that these articles were acquired several years back and at different times, and not lightly should perjury be inferred. It is also to be noted that the evidence defendant adduced to establish the alleged attempts to defraud was

contradicted by plaintiff's testimony. So there is witness against witness, and it was a fair question for the trial court whether or not there was on plaintiff's part a wilful attempt to defraud. The only matter which gives some concern is the memorandum of the learned trial court. It may be possible to draw an inference therefrom that plaintiff prevailed on the ground that he was entitled to judgment upon the original pleadings, and therefore it was not necessary to determine the issue raised by the amended answer that plaintiff after loss attempted to defraud defendant. If such inference be clearly warranted the case should be remanded for specific findings upon the issues of the charged attempt to defraud. But we think the memorandum indicates that the court concluded that upon all the evidence plaintiff was entitled to recover, and that means that defendant had not proven the attempts to defraud which were alleged in the amended answer.

The court was right in not setting aside the award as excessive simply because he deemed $500 more clearly expressed the loss than $800. The court did not examine the articles damaged. The arbitrators did, one of whom, the umpire, was an experienced furniture dealer whose fairness and competency are not questioned.

The error in the findings stating the sound value of the property insured to be $3,000 in the award, instead of $3,500, is so clearly a mere clerical mistake or inadvertence as to merit no attention. Nor do we see any ground upon which to attack the award finding the sound value $3,500. The testimony of the arbitrators was practically unanimous that to fix that amount they valued the property in view; that the list the insured had furnished was merely used to check off the property they found, but that the amounts therein stated as the cost were not considered, except to note whether it corresponded with their ideas of value, and the umpire stated that the alleged stolen articles were not included at all.

The order is affirmed.

STONE, J. (dissenting.)

Thinking that the case should go back for findings on the issue of wilfully false swearing resorted to in support of the claim, I dissent.