## JOSEPH KEHRER v. E. H. SEEMAN.[1]

February 27, 1931.

No. 28,301.

[1]Reported in 235 N. W. 386.

*L. A. & A. P. Reed* and *Reed & Bergerud,* for appellant.
*Thomas Hessian* and *George F. Sullivan,* for respondent.

OLSEN, J.

Appeal by defendant from an order denying his motion for a new trial.

Plaintiff as administrator of the estate of Theresa Kehrer, his wife, now deceased, brings the action to recover the purchase price of a tract of land claimed to have been sold and conveyed by decedent and her husband to defendant, the conveyance having been made to one Minna K. Seeman at the request and direction of defendant.

There is some dispute as to the correct description of the land sold and as to the title of some small portions thereof, to be hereafter considered. That aside, it is undisputed that defendant agreed to purchase the land, received and recorded a proper deed thereof, promised to pay $3,000 therefor, and has not paid. In the same transaction a large amount of notes and accounts were sold and transferred to the defendant by assignment to Minna K. Seeman, who is defendant's sister.

The court found as facts among other things that Theresa Kehrer, at the time of the sale and conveyance, had good and marketable title to the land, that she sold it to defendant and conveyed it to Minna K. Seeman at defendant's request and direction, and that defendant agreed to pay her $3,000 therefor. The court did not find that payment had not been made, but defendant does not plead payment, and on the pleadings nonpayment stands admitted and no finding thereon was necessary. Fenske v. Nelson, 74 Minn. 1, 76 N. W. 785. The promissory note signed by defendant will be later considered. The court made conclusions of law that plaintiff was entitled to recover the purchase price stated and interest thereon. The findings sustain the conclusions of law.

The first point raised is that the plaintiff has not established the cause of action pleaded. The evidence disclosed that at the

time of the transaction the defendant signed a promissory note for $5,000, wherein Joseph Kehrer, the husband, was named as payee. Two thousand dollars of this note represented part of the purchase price of the personal property and was thereafter paid and indorsed upon the note. The note was never delivered either to Theresa Kehrer or her husband, but was placed in escrow in a bank and has since remained there. It is claimed that plaintiff should have sued on the note. No authorities on this point are cited. In this connection it is urged also that the note constituted payment for the land. An undelivered note does not constitute payment; neither can one not the payee or holder of the note bring a direct suit thereon.

It is argued that defendant dealt with and purchased the land from Joseph Kehrer, the husband. Joseph Kehrer conducted the negotiations with defendant. The wife was ill at the time. But the wife owned the land, and the negotiations and sale were on her behalf. She gave the deed, joined in by her husband, and was the real party in interest. Whether a disclosed or undisclosed principal, she was entitled to the benefit of the sale, and defendant has no cause for complaint on that ground. The judgment herein will fully protect him. Counsel call attention to certain recitals in the escrow agreement. They are not conclusive, and the agreement was not signed by Theresa Kehrer.

The escrow agreement, signed by defendant and Joseph Kehrer, recited the making of the $5,000 note and that Joseph Kehrer had sold and conveyed the land to Minna K. Seeman for consideration paid by defendant; that defendant had not examined the title to the land and should have 60 days' time so to do. The agreement was addressed and delivered, with the note, to the bank to be held in escrow. The condition of the escrow was that if the Real Estate Title Insurance Company, a corporation of Minneapolis, Minnesota, should within 60 days notify the bank that the title to the land was not marketable and should deliver to the bank a sufficient quitclaim deed of the land from Minna K. Seeman to Joseph Kehrer, then the bank should indorse a credit of $3,000 on

the note and deliver the note so indorsed and the quitclaim deed to Joseph Kehrer. If no such notice was given, then the bank should deliver the note without such indorsement of credit to Joseph Kehrer. No such notice has been given to the bank, and no quitclaim deed presented to it. The deed and escrow agreement are dated September 28, 1927.

We fail to see how defendant can receive any benefit from this escrow agreement. Counsel seem to assume that under this agreement the obligation rested on Joseph Kehrer to obtain from the title insurance company some statement or notice to the bank that the title was good or not good. Under the agreement it was clearly the duty of defendant to investigate the title and to have the title insurance company notify the bank if the title was found not marketable, as well as then to deliver the quitclaim deed to the bank. Not having done either, he is in no position to claim anything under this agreement, even if it be held made on behalf of Theresa Kehrer.

■ Defendant sought to prove by oral testimony that in the negotiations for the purchase of the land the description thereof was stated differently from the description in the deed; in other words, that he did not get the entire tract he bargained for. No fraud or mistake is pleaded or claimed. There has been no attempt to rescind. No damages are pleaded or asked for. The grantee has retained the title since 1927. The court properly excluded the evidence offered, as set forth in assignments of error 6, 7, 8, and 9.

■ As stated, defendant claims that Theresa Kehrer did not have marketable title to the land. The land is an irregular tract described by metes and bounds. The description commences at a point on the south side of a wagon road formerly known as state road No. 22 where said road intersects the south line of a described 40-acre tract, and one boundary line of the land then runs southwesterly along this road. This road, as used and traveled, appears to be a two-rod road in width. The state road No. 22 mentioned is an old stage road, apparently established or attempted to be established about 1861. Whether the road as now used follows the same

line as the old road is not clearly established. Defendant claims now that the road is four rods wide and that thereby the land conveyed to him is shifted over two rods to the southeast. An examination of the abstract shows that this same road has been used as a boundary in numerous deeds in the chain of title. If the road is a four-rod road, it follows that the land conveyed in these deeds is located two rods farther to the south than if the road is only two rods wide. Defendant himself testified: "I understand it is a two-rod road" and that it is actually used and worked as such. Even if it be a four-rod road, defendant has, so far as we have been able to find from the record, failed to prove any loss of title to any land by reason thereof.

It is contended that at one time there was a fence across the north part of the tract conveyed, separating a strip about 100 feet wide from the balance of the land, and that title to the land north of this fence had been acquired by someone by adverse possession. It is sufficient to say as to this that the evidence is wholly insufficient to establish title by adverse possession in anyone.

In 1911 a part of the land was conveyed to a person named in the record of the deed as A. J. Rosendahl. The next conveyance of this tract, made in 1912, is by O. J. Rosendahl and his wife. Plaintiff has made and placed on record an affidavit stating that he was acquainted with Rosendahl, who occupied the property, and that A. J. Rosendahl, the grantee in the one deed, is the same person as O. J. Rosendahl, the grantor in the next deed, and that he was the only man named Rosendahl who had occupied the property.

It further appears that shortly after the property was sold to defendant and conveyed to Minna K. Seeman objections were made to plaintiff's counsel as to the title, on three grounds: That there was no government patent to the land on record; that there was this discrepancy in the names of Rosendahl; and that there was no certificate showing that taxes were all paid. Plaintiff's counsel then obtained and placed on record the patent, furnished the proper tax certificate, and procured and placed on record the affidavit above referred to. No further objections to the title appear to have been

made until raised in this suit. The court finds that if there were any defects in the title the same were trivial, unimportant, and not substantial, and that defendant waived them. We agree with the trial court. Title vested in Minna K. Seeman when the deed was delivered and recorded. She and defendant had the option to reconvey the property if title was found not marketable. They have not offered or attempted to do so, and it is too late now to raise the question as a defense to payment of the purchase price. They must be held to have accepted the title, and their remedy now, if entitled to any, is on the covenants in their warranty deed.

■ Defendant moved to strike out each of the court's findings of fact except the one alleging plaintiff's appointment as administrator. The court is required to strike out a finding of fact only when the finding has no sufficient support in the evidence or when it goes beyond or is outside of any issue actually litigated. Where the findings made are sustained by the evidence and are sufficient to sustain the conclusions of law, it is not reversible error to refuse to make additional findings. Kent. v. Costin, 130 Minn. 450, 153 N. W. 874; Lieberman v. Fox, 160 Minn. 449, 200 N. W. 468.

■ Defendant also moved the court to strike out its conclusions of law and to make 14 additional specific findings of fact and two specific conclusions of law in defendant's favor. He did not ask the court to make its own findings upon any stated issue in the case, but asked the court to make specific findings of fact recited in his motion. Where the findings made are sustained by the evidence and sustain the conclusions of law, the refusal to make additional findings calling for different conclusions of law will not be reversed unless the evidence is conclusive in favor of the proposed findings or so strong that findings to the contrary could not stand. Kent v. Costin, 130 Minn. 450, 153 N. W. 874; Mann v. Lamb, 83 Minn. 14, 85 N. W. 827; Turner v. Fryberger, 99 Minn. 236, 108 N. W. 1118, 109 N. W. 229; Bahr v. Union F. Ins. Co. 167 Minn. 479, 209 N. W. 490.

What defendant asked was to have the court make extended findings of evidentiary facts. Where the court finds the ultimate facts,

it is not required to specify the evidentiary facts upon which the ultimate facts are found. Hayes v. Hayes, 119 Minn. 1, 137 N. W. 162; Moriarity v. Maloney, 121 Minn. 285, 141 N. W. 186. While many of the evidentiary facts which defendant asked to have found are undisputed, any error in refusing to find them was harmless because they would not have changed the conclusions of law. Hoban v. Hudson, 129 Minn. 335, 152 N. W. 723, L. R. A. 1916B, 1114.

■ The findings made fairly cover the ultimate issues in the case, are sustained by the evidence, and sustain the conclusions of law. We find no reversible errors in the refusal of the court to strike out its findings or its conclusions of law or in its refusal to make the new and additional findings of fact and the new conclusions of law asked by defendant.

Order affirmed.

